**James E. PICKERING, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 82–1589.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 25, 1982.

Decided Oct. 29, 1982.

---

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Carleton D. Powell, Libero Marinelli, Jr., Attys., Tax Div., Dept. of Justice, Washington, D. C., for appellee.

D. Derrell Davis, Little Rock, Ark., for appellant.

Before ARNOLD and JOHN R. GIBSON, Circuit Judges, and HENLEY, Senior Circuit Judge.

## PER CURIAM.

Appellant James Pickering appeals from a final judgment of the district court[1] assessing civil penalties against him in the amount of $1,000.00 for willfully understating the tax liability of A. P. T. Construction, Inc. in 1976 and 1977. Because the decision of the district court was not clearly erroneous, we affirm.

Pickering is a certified public accountant. For several years until 1978, he prepared the federal corporate tax returns for A.P.T.'s shareholders. In 1978 A.P.T.'s returns and those of A.P.T.'s shareholders were audited by the Internal Revenue Service (IRS). The audit revealed that A.P.T. had paid, and improperly taken deductions for, a number of personal expenses of A.P.T. shareholders, including personal telephone service and gasoline and repairs for personal cars. The IRS assessed penalties against Pickering for willfully understating the federal income tax liability of A.P.T. and its shareholders in 1976 and 1977 pursuant to § 6694(b) of the Internal Revenue Code.

Pickering paid the required 15% of the penalties and timely sued for a refund. I.R.C. § 6694(c). The district court found Pickering had willfully understated the tax liability of the corporation, but that he had not willfully understated the tax liability of the individual shareholders. Pickering has appealed the finding of liability as to his preparation of the corporation's tax returns, contending that there was insufficient evidence to support a finding of willfulness.

A.P.T. employed a bookkeeper, Vinetta Smith, who paid the corporation's bills and kept its records. Pickering's obligation was to prepare A.P.T.'s tax returns. Each year Pickering would go through A.P.T.'s books and conduct a spot-check audit. This involved in part checking random invoices of bills the corporation had paid. Pickering then relied solely on the corporation's books, rather than the underlying documentation, to prepare the returns. Pickering testified that his spot-check audit did not turn up evidence indicating that corporate funds were being used to pay personal expenses of shareholders.

Mrs. Smith, the bookkeeper, testified that she was aware that the corporation paid many personal bills for its shareholders. She stated that on one occasion she asked Pickering "what [the] IRS was going to say about some of our personal expenses if they ever came to audit," and that Pickering responded, "don't worry about it."

The district court noted that while Pickering had a right to rely upon the taxpayer and the information furnished by the taxpayer, he could not "ignore information which is called to his attention or inferences which are plainly available to him." 26 C.F.R. § 1.6694–1(2)(ii). Mrs. Smith's statement "called for further investigation and inquiry on [Pickering's] part," and his failure to so investigate, the district court concluded, constituted willfulness.

■ The burden of proving willfulness is on the Internal Revenue Service. I.R.C.

---

1. The Honorable William Overton, United States District Judge for the Eastern District of Arkansas.

§ 7427. However, willfulness is a question of fact, *see United States v. Marttila,* 434 F.2d 834, 836 (8th Cir. 1970), and the trial court's finding will not be disturbed unless it is clearly erroneous. *See United States v. Wurdemann,* 663 F.2d 50 (8th Cir. 1981). We have carefully reviewed the record in light of the question at issue, and we do not find the district court decision to be clearly erroneous.

■ The question of Pickering's willfulness turns on whether he had been put on notice of possible inaccuracies in A.P.T.'s books, and whether he had a duty to further investigate. *See* 26 C.F.R. § 1.6694–1(b)(2). First, there was Mrs. Smith's testimony that she spoke to Pickering about the number of personal expenses paid for by A.P.T. Next, there are ledger sheets from A.P.T.'s books. The sheets contained "employee account" information, and indicate that as early as 1976 Pickering was aware that the corporation paid personal expenses. The ledger sheets show that A.P.T. paid various personal bills, then, at Pickering's direction, gave its employees bonuses—on paper—which were used to cancel out these payments. While there is nothing wrong with this, it does demonstrate that Pickering was aware that A.P.T. often paid personal shareholder expenses. A factfinder could determine that this knowledge placed Pickering on notice that A.P.T.'s books may have been incomplete or incorrect.

We have held, in cases interpreting another provision of the I.R.C. assessing civil penalties, that willfulness does not require fraudulent intent or an evil motive; it merely requires a conscious act or omission made in the knowledge that a duty is therefore not being met. *Anderson v. United States,* 561 F.2d 162 (8th Cir. 1977); *see Emshwiller v. United States,* 565 F.2d 1042 (8th Cir. 1977). While the evidence submitted at trial was weak, it was sufficient to support a finding that Pickering's act of deducting as business expenses items which were in fact personal expenses of the shareholders was a willful understatement of A.P.T.'s liability.

Accordingly, we affirm.

1. Apparently Barney was unaware of the dis-