Lawrence M. RICHEY,
Plaintiff–Appellee,

v.

UNITED STATES INTERNAL
REVENUE SERVICE,
Defendant–Appellant.

No. 91–36255.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 5, 1993.

Decided Nov. 22, 1993.

**1408**

Kevin M. Brown, U.S. Dept. of Justice, Tax Div., Washington, DC, for defendant-appellant.

Christopher Tait, Yakima, WA, for plaintiff-appellee.

Before: BEEZER and HALL, Circuit Judges, and ARMSTRONG *, District Judge.

* Hon. Saundra J. Armstrong, United States District Judge for the Northern District of California, sitting by designation.

CYNTHIA HOLCOMB HALL, Circuit Judge:

The Internal Revenue Service appeals from the district court's judgment on a jury verdict in favor of Lawrence Richey in Richey's action for return and abatement of civil penalties imposed for preparing false tax returns, pursuant to 26 U.S.C. § 6694. Richey was convicted in 1987 of willfully aiding and abetting the preparation of fraudulent tax returns in violation of 26 U.S.C. § 7206 (affirmed in *U.S. v. Richey,* 874 F.2d 817 (9th Cir.1989) (unpublished memorandum decision)). This civil action was stayed pending the resolution of the criminal proceedings against Richey. The IRS argues that the district court erred by denying the IRS's motion for partial summary judgment on the ground that Richey was collaterally estopped from relitigating whether his conduct in preparing the fraudulent tax returns was willful. The IRS also contends that the district court erred in instructing the jury on the standard for determining whether Richey negligently understated his clients' tax liability. We agree with the IRS and therefore reverse.

### I.

Lawrence Richey was employed by the Internal Revenue Service as a Revenue Agent from 1955 until 1980, when he retired. Following his retirement, Richey became involved in the tax fraud conspiracy for which he was ultimately convicted in 1987. Richey was drawn into the conspiracy by James Russell, who promoted and sold "tax shelters" for Professional and Technical Services ("PTS"), a putative trust company operated by Frank Forrester. Russell referred a number of PTS clients to Richey, who prepared their federal income tax returns in exchange for a fixed fee per return. From 1981 to 1983, Richey prepared tax returns understating the income of PTS customers by a total of $206,660.47 in accordance with PTS's income assignment and "9:1 tax shelter" schemes.

Richey was charged with one count of conspiracy to defraud the IRS under 18 U.S.C.

§ 371 and fourteen counts of aiding and assisting in the preparation of false and fraudulent tax returns under 26 U.S.C. § 7206(2). Richey's primary defense to the criminal charges was that he did not willfully violate the tax laws because he had no fair notice of the illegality of his conduct until July 29, 1982, when the Eighth Circuit held in a civil proceeding that a similar scheme constituted illegal tax avoidance. *United States v. Landsberger,* 692 F.2d 501 (8th Cir.1982). The district court agreed with Richey's fair notice argument, and on Richey's motion dismissed twelve counts of the indictment. The government appealed the dismissal of those counts, and this court reversed, holding that because "anticipatory assignments of income have been recognized as ineffective to shift income for tax purposes for over fifty years," Richey and his codefendants "had fair notice of the illegality of their scheme from its inception." *United States v. Russell,* 804 F.2d 571, 574 (9th Cir.1986). The case was then tried to a jury, and Richey was convicted on all counts.

Richey appealed his conviction to this court, arguing, *inter alia,* that the district court abused its discretion by denying his motions for severance and mistrial and improperly instructing the jury. Richey argued that the district court's jury instructions deprived him of his defense of "lack of notice"—*i.e.,* that he lacked fair notice of the illegality of the tax schemes, and that as a result his behavior was not "willful." This court determined that the instruction was proper, noting that "[i]n *United States v. Russell* this court specifically ruled that Richey and his codefendants had fair notice of the illegality of their scheme. It was not an abuse of discretion for the trial judge not to instruct the jury on that ground." *United States v. Richey,* 874 F.2d 817 (9th Cir.1989) (memorandum disposition at 10) (internal citation omitted). This court also rejected Richey's challenge to the denial of his motion for severance, explaining that his "broad allegations of prejudice are insufficient to require severance." *Id.* at 7.

Prior to Richey's conviction, the IRS in 1984 assessed civil penalties against him under 26 U.S.C. §§ 6694(a) and (b)[1] for his preparation of the same returns at issue in the criminal case as well as additional similar returns. Specifically, Richey was assessed a $100 penalty per return pursuant to section 6694(a) for negligent disregard of internal revenue rules and regulations, and a $500 penalty per return pursuant to section 6694(b) for willful understatement of tax liabilities. Richey subsequently paid $7,380 (15% of the total penalties of $49,200) and filed a claim for refund and abatement of the remaining penalties under section 6694(c)(1).[2] The IRS denied his claim, and Richey then commenced this action for refund and abatement. This action was stayed pending the outcome of the criminal proceedings.

Richey's civil action resumed in September of 1989, and the government moved for partial summary judgment on grounds of collateral estoppel. The government asserted that, because Richey admitted that he prepared the returns in question and that the liabilities on those returns were understated, *United States v. Richey,* 874 F.2d 817 (memorandum disposition), the only remaining issue under section 6694(b) was whether he "willfully" understated the liabilities on the returns. Moreover, the government argued that if Richey acted willfully under Section 6694(b), then he was also liable for the negligence penalties under Section 6694(a). The government maintained that Richey was collaterally estopped from relitigating the issue whether he "willfully" prepared the returns based on his criminal conviction under section 7206(2) of the Code, which necessarily established such "willfulness" beyond a reasonable doubt. Richey opposed the government's motion, once again contending that he lacked notice of the illegality of the tax scheme, and that he had been prejudiced by the denial of his motion for severance.

The district court denied the government's motion for partial summary judgment, based

---

1. Section 6694 was amended in December 1989. We refer in this opinion to the version that was in effect at the time Richey committed his violations.

2. Section 6694(c)(1) allows a preparer to pay only 15% of the assessed penalties under Section 6694(a) and (b) in order to file a claim for refund and abatement of penalties.

on the Supreme Court's ruling in *Cheek v. United States*, 498 U.S. 192, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991). The district court ruled that *Cheek* constituted an intervening change in the law on the issue of willfulness, barring the application of collateral estoppel. The government moved for reconsideration of the district court's order, contending that *Cheek* had not changed the law of the Ninth Circuit with regard to the issue of willfulness, and that in the criminal trial, the jury instructions on "willfulness" (which were upheld by this court) were consistent with *Cheek*. The district court denied the government's motion.

At trial, the court gave the jury the following instruction (Instruction No. 14) on willfulness and negligence over the government's objection:

> If you find that the plaintiff believed in good faith that the tax returns he prepared were proper and lawful and not submitted in violation of any rule or regulation, then you must find that the plaintiff did not act *willfully or negligently* in preparing the tax returns, and your verdict will be for the plaintiff. *Such a good faith belief need not be objectively reasonable.* You must decide whether this plaintiff held such a good faith belief, irrespective of wether [sic] you or some other person would have held such a belief, and irrespective of whether you find such good faith belief was reasonable.

(Emphasis added). The jury returned a verdict for Richey, finding that he had not willfully understated tax liabilities on the returns at issue and had not negligently disregarded IRS rules and regulations in preparing the returns. This appeal followed.

## II.

■ Whether the district court erred in denying the government's motion for summary judgment is a question of law subject to *de novo* review. *Davis v. United States*, 861 F.2d 558, 560 (9th Cir.1988), *aff'd*, 495 U.S. 472, 110 S.Ct. 2014, 109 L.Ed.2d 457 (1990). *See also Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir.1990) ("The availability of collateral estoppel is a mixed question of law and fact in which legal issues predominate. We review these legal issues *de novo*.")

Whether jury instructions correctly state the law is a question of law subject to *de novo* review. *United States v. Pemberton*, 853 F.2d 730, 734 (9th Cir.1988).

## III.

The government argues that the district court should have granted its motion for partial summary judgment on the ground of collateral estoppel because the only question in the civil action was whether Richey "willfully" understated tax liabilities on the returns he prepared, and this question was conclusively answered in the criminal action. *See Considine v. United States*, 683 F.2d 1285, 1286 (9th Cir.1982) ("A prior conviction will estop a party from contesting in a later civil suit any element necessarily established in the criminal trial.").

■ To determine the applicability of collateral estoppel in this case, we apply the standard which the Supreme Court set forth in *Montana v. United States*, 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). The Court established that determining when to apply collateral estoppel requires three inquiries: (1) whether the issues presented are in substance the same in the present and prior litigation; (2) whether controlling facts or legal principles have changed significantly since the prior judgment; and (3) whether "other special circumstances warrant an exception to the normal rules of preclusion." *Id.* at 155, 99 S.Ct. at 975. The Court further stated that "a *fact, question* or *right* distinctly adjudged in the original action cannot be disputed in a subsequent action, even though the determination was reached upon an erroneous view or by an erroneous application of the law." *Id.* at 162, 99 S.Ct. at 978 (quoting *United States v. Moser*, 266 U.S. 236, 242, 45 S.Ct. 66, 67, 69 L.Ed. 262 (1924)).

### A. *Identity of Issues*

■ First, it is clear to us that the issues in Richey's criminal and civil actions were substantially identical—in particular, that both actions involved the question whether Richey acted "willfully."

The statute under which Richey was convicted on the substantive criminal counts provides that any person commits a felony who "[w]illfully aids or assists in ... the preparation ... of a return ... which is fraudulent or is false as to any material matter...." 26 U.S.C. § 7206(2). At trial, the government proved beyond a reasonable doubt that Richey willfully aided or assisted in preparing tax returns that were both fraudulent and false. *See* Order Reserving Motion for Summary Judgment, ER at 22. Clearly, the issue of Richey's willfulness in preparing the returns was "definitely and actually litigated and adjudged." *Montana,* 440 U.S. at 157, 99 S.Ct. at 975 (internal quotation omitted).

In Richey's civil action for refund and abatement of penalties assessed under 26 U.S.C. § 6694(b), the government had to show that Richey made a "willful attempt" to understate tax liabilities on the returns which he prepared. *See* 26 U.S.C. § 7627 (government bears burden of proof on issue of willfulness within the meaning of section 6694(b)). It is clear to us, and it is not contested, that returns on which tax liabilities are understated are false or fraudulent. Thus the question of Richey's "willfulness" in both the criminal and civil actions referred to the same intended act—the preparation of false or fraudulent tax returns.

█ Furthermore, the term "willful" has the same meaning under both sections 7206 and 6694. Willfulness under section 7206 "simply means a voluntary, intentional violation of a known legal duty." *United States v. Pomponio,* 429 U.S. 10, 12, 97 S.Ct. 22, 23–24, 50 L.Ed.2d 12 (1976). Similarly, under section 6694(b) willfulness "merely requires a conscious act or omission made in the knowledge that a duty is therefore not being met." *Pickering v. United States,* 691 F.2d 853, 855 (8th Cir.1982). In addition, the jury instructions given at Richey's criminal and civil trials indicate that essentially the same standard of willfulness actually was applied in both cases.

Thus, the issues of Richey's willful preparation of the returns presented in both cases were "in substance the same." *Montana,* 440 U.S. at 155, 99 S.Ct. at 974.

**B. Intervening Change in Legal Principles**

A more difficult question in this case is whether the "controlling facts or legal principles [ ] changed significantly" in the period between Richey's criminal conviction and civil action. *See Montana,* 440 U.S. at 155, 99 S.Ct. at 974–75. The district court believed the controlling legal principles on the issue of willfulness had indeed changed in that period, and concluded that collateral estoppel was inappropriate on that basis.

In its order denying the government's summary judgment motion, the district court stated that in "a break with past precedent" the Supreme Court in *Cheek v. United States,* 498 U.S. 192, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991), "held that a good faith belief that the law is not what it is will vitiate willfulness *regardless of whether such belief is objectively reasonable.*" ER at 29 (emphasis in original). The court concluded that, in light of *Cheek,* "the law today is substantively different than it was at the time of the criminal action," and that the failure to instruct the jury on Richey's lack of fair notice defense "would be erroneous today." ER at 30–31. Apparently, the district court interpreted this court's disapproval of Richey's fair notice defense in *United States v. Russell,* 804 F.2d 571 (9th Cir.1986), and the consequent failure to instruct the jury on that defense in Richey's criminal trial, as the functional equivalent of requiring the jury to find his beliefs to be objectively reasonable in order to acquit him. *See* Order Denying Summary Judgment, ER at 31 (as a practical matter, court instructed jury that defendant's subjective beliefs were objectively unreasonable).

In its order denying reconsideration of the government's summary judgment motion, the district court retreated somewhat, stating that "the government correctly notes that *Cheek* is less-than-revolutionary. The rationale of that decision has always been adhered to by this Court. It has generally been adhered to in the Ninth Circuit." The court then concluded that "[a]s an abstract proposition, there may have been no intervening change in the law, but within the confines of this case, there most assuredly has been.

The ruling stands." The district court did not explain how a general legal principle could change within the confines of a particular case but not otherwise.

■ We hold that *Cheek* did not constitute an intervening change in the law. In *Cheek*, the Supreme Court interpreted the meaning of the word "willfully" as used in sections 7201 and 7203 of the tax code, and reaffirmed that "the standard for the statutory willfulness requirement is the 'voluntary, intentional violation of a known legal duty.'" 498 U.S. at 201, 111 S.Ct. at 610 (relying on *Pomponio*, 429 U.S. at 10, 97 S.Ct. at 22, and *United States v. Bishop*, 412 U.S. 346, 93 S.Ct. 2008, 36 L.Ed.2d 941 (1973)). The Court's decision reversed a Seventh Circuit ruling that a good faith misunderstanding of the law negates willfulness only if the defendant's belief is objectively reasonable. *Id.* 498 at 201, 111 S.Ct. at 610. A reading of the *Cheek* opinion reveals that it was based on settled principles. Moreover, no assertion has been made that this circuit has ever applied a rule contrary to *Cheek*. *See United States v. Sehnal*, 930 F.2d 1420, 1427 (9th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 300, 116 L.Ed.2d 244 (1991) (definition of willfulness in Ninth Circuit model jury instructions approved in *Cheek*). Indeed, the Seventh Circuit recently noted that *Cheek* neither overruled prior Supreme Court precedent nor overturned widespread practice in the lower courts, and that prior to *Cheek* the Seventh Circuit "was the only one holding that a good faith misunderstanding of the law must be 'objectively reasonable' to negate the necessary mental state for tax offenses." *Salberg v. United States*, 969 F.2d 379, 382 (7th Cir.1992).

If the district court meant for its ruling that the law had changed "within the confines of this case" to indicate that *Cheek* effectively overruled *Russell* and *Richey*, then it erred. Neither disposition stated a requirement that a defendant's good faith belief be objectively reasonable. Instead, *Russell* simply rejected Richey's claim that

he lacked notice of the illegality of the tax avoidance scheme because the law before *United States v. Landsberger*, 692 F.2d 501 (8th Cir.1982), was unsettled; *Russell* demonstrated that the law was settled long before that case. Under *Cheek*, 498 U.S. at 202, 111 S.Ct. at 611, the question of what a defendant subjectively believed clearly is one for the factfinder, but that does not mean that this court improperly held as a matter of law in *Russell* that a defense grounded on the unsettled status of the law is unavailable when the law in reality is settled. In *Russell* this court did not hold that Richey subjectively *knew* he had a legal duty, it simply held that notice of the duty existed. *Cf. United States v. Powell*, 955 F.2d 1206, 1214 (9th Cir.1991) ("Although a district court may exclude evidence of what the law *is* or *should be*, it ordinarily cannot exclude evidence relevant to the jury's determination of what a defendant *thought the law was* in [26 U.S.C.] § 7203 cases because willfulness is an element of the offense.")

■ In any event, even if instructing the jury (on the basis of *Russell*) that Richey had fair notice, *See* Instruction No. 22, ER at 38, effectively directed a verdict in the criminal action on the question of willfulness, the district court was not correct that such a mistake was anything other than an erroneous application of the law. *See* Order Denying Summary Judgment, ER at 30–31 (Richey's conviction did not result from "'an erroneous application of the law.' Rather, the law today is substantively different than it was at the time of the criminal action."). If the law prior to *Cheek* was the same as the law subsequent to that decision, as discussed above, then anything in *Russell* and *Richey* that is contrary to *Cheek* can only be a misapplication of the law.[3] Under *Montana*, it is only an intervening *change* in the law that defeats collateral estoppel—the correctness of a prior ruling, even if based upon an erroneous application of the law, is irrelevant. *Montana*, 440 U.S. at 162, 99 S.Ct. at

---

3. We note that even though the district court did not instruct the jury on Richey's fair notice defense at his criminal trial, the instruction on willfulness was completely consistent with *Cheek*. *See* Instruction Nos. 12 and 44, ER at 38. Fur-

thermore, it appears that Richey never offered an exculpatory instruction based on his fair notice defense and never objected to the primary instruction on willfulness that was given to the jury.

978; *Starker v. United States,* 602 F.2d 1341, 1347 n. 3 (9th Cir.1979).

### C. Other Circumstances

Finally, we consider whether any "special circumstances" warrant an exception to collateral estoppel in this case. *Montana,* 440 U.S. at 155, 99 S.Ct. at 974–75. We construe Richey's only pertinent argument in this appeal—that his criminal trial was not a full and fair opportunity to litigate the issue of his willfulness—as the assertion of a special circumstance. *See id.* at 163–64, 99 S.Ct. at 978–79 (addressing question whether prior proceedings were full and fair in context of discussing special circumstances).

As the district court noted in its order reserving the government's summary judgment motion, Richey's claims of error in his criminal trial (that is, the court's failure to sever and to grant a mistrial) "are matters well behind us." ER at 16. A panel of this court squarely addressed and rejected these claims in Richey's appeal of his criminal conviction, thus determining that he had a constitutionally fair trial. We see no basis, and Richey has put forth none, for us to revisit these contentions.

We conclude that the willfulness issues in Richey's criminal and civil actions were substantially identical, no intervening change in law existed, and no special circumstances are present. Therefore, Richey was collaterally estopped from relitigating the question of his willfulness, and the district court erred in denying the government's motion for partial summary judgment.

### IV.

█ The government also contends that the district court erred in instructing the jury on the standard for determining whether Richey "negligently" understated his clients' tax liabilities pursuant to section 6694(a) of the Code. The government argues that the court's instruction conflicted with section 1.6694–1(a)(4) of the Treasury Regulations. 26 C.F.R. § 1.6694–1(a)(4).

Over the government's objection, the district court gave the jury an instruction setting out a single standard for *both* willfulness (the required mental state for penalties under section 6694(b)) *and* negligence (required for penalties under 6694(a).) The court instructed the jury that:

> If you find that the plaintiff believed in good faith that the tax returns he prepared were proper and lawful and not submitted in violation of any rule or regulation, then you must find that the plaintiff did not act *willfully or negligently* in preparing the tax returns, and your verdict will be for the plaintiff. *Such a good faith belief need not be objectively reasonable.* You must decide whether this plaintiff held such a good faith belief, irrespective of wether [sic] you or some other person would have held such a belief, and *irrespective of whether you find such good faith belief was reasonable.*

Instruction No. 14, ER at 38.

As the discussion of *Cheek* above makes clear, this instruction correctly states the standard for determining willfulness.[4] However, 26 C.F.R. § 1.6694–1(a)(4), which regulates the imposition of penalties under section 6694(a) of the tax code, requires that a different standard be applied to the determination of negligence. That regulation provides, in pertinent part:

> If a preparer *in good faith and with reasonable basis* takes the position that a rule or regulation does not accurately reflect the Code and does not follow it, the preparer has not negligently or intentionally disregarded the rule or regulation.... For example, if a preparer *reasonably* takes the position in good faith that a revenue ruling does not accurately reflect

4. Richey contends that Jury Instruction No. 14 was a proper statement of the law based on *Cheek,* and therefore was not an erroneous instruction on negligence. However, Richey overlooks the fact that *Cheek* addressed only the standard for determining "willfulness," not the standard for determining "negligence" in a civil suit.

the Code, the preparation of a return or claim for refund by the preparer in conflict with the revenue ruling is not a negligent or intentional disregard of the revenue ruling. . . .

26 C.F.R. § 1.6694(a)(4) (emphasis added).[5] This provision dictates that a preparer must have a "reasonable basis" for the position he takes in preparing a return in order to avoid the negligence penalty. The district court's instruction stated that the preparer's position need *not* be reasonable, and therefore conflicted with the regulation.[6] Accordingly, the jury instruction was erroneous as a matter of law.

## V.

We reverse the judgment of the district court and direct entry of judgment for the United States on its motion for partial summary judgment. We need not remand (due to the erroneous jury instruction) for a new trial on the issue of penalties under section 6694(a), because Richey's liability for the negligence penalty under that section is subsumed within his liability for willful understatement under section 6694(b).[7]

**REVERSED.**

---

5. This provision has been amended, effective for documents prepared after December 31, 1991, in accord with the amendment to 26 U.S.C. § 6694. We refer to the version of the regulation which corresponds to the version of the statute under which Richey was assessed penalties.

6. Furthermore, as the government notes, the jury instruction conflicts (and the regulation is fully consistent) with the general legal concept of negligence—i.e., the failure to act with the ordinary

care and prudence of a reasonable person. *See e.g.,* Keeton, *Prosser and Keeton on Torts,* Fifth Edition at 173–175 (1984).

7. Section 6694(b) provides that "the amount of the penalty payable by any person by reason of this subsection shall be reduced by the amount of the penalty paid by such person by reason of subsection (a)."