59 F.3d 174
 RICO Bus.Disp.Guide 8853
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald P. BRADY; Allen D. Larson, an individual; Erling O.
Schlak, an individual; Karl O. Schlak, an individual; Evelyn
Jessen, an individual; Terrain, Inc., a North Dakota
corporation; Gerner, Inc., a North Dakota corporation;
Triple J. Farms, a Wyoming corporation; Vincent Lombardo, an
individual; Robert W. Brady, an individual, Plaintiffs - Appellants,
v.
Carolyn L. LITTLE, Defendant,
and
Dairy Fresh Products Co., a California corporation;
Sylvester Feichtinger, individually and as Trustee of the
Maria Feichtinger Family Trust; Delmer Farms, Inc., a
California corporation; Escondido Valley Poultry
Association, Defendants - Appellees.
 No. 94-55274.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 8, 1995.
Decided June 20, 1995.
 
 Before: PREGERSON, POOLE, and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellants (collectively, "Brady") appeal the district court's grant of summary judgment in favor of appellees (collectively, "Dairy Fresh") in this case alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. Sec. 1961 et seq.; federal securities laws, and various state law provisions. The district court, which was considering only the RICO claims on remand from the Ninth Circuit, held that there were no remaining genuine issues of material fact because (1) the Ninth Circuit's rulings that Bennett Little and Harold Wright were not agents of Dairy Fresh during the relevant transactions precluded a finding of vicarious liability, under the law of the case doctrine; (2) Brady had waived the claim that Dairy Fresh could be vicariously liable for the acts of persons other than Little or Wright; and (3) Brady had waived his claims under 18 U.S.C. Sec. 1962(a). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 I.
 
 3
 We review a grant of summary judgment de novo. Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994). Viewing the evidence in the light most favorable to the nonmoving party, we consider whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id.
 
 II.
 
 4
 We disagree with Brady's assertion that the district court erred in its construction of our mandate for remand. In our earlier opinion, we held that a defendant could be liable under RICO based on the RICO violations of employees or agents, and we remanded to determine whether, under the facts of this case, Dairy Fresh was liable under such a theory. See Brady v. Dairy Fresh Products Co., 974 F.2d 1149, 1155 (9th Cir. 1992) ("Brady I"). We did not, as Brady contends, find that there was a genuine issue of material fact on vicarious liability requiring trial, or that further factfinding was necessary. Accordingly, we find no error in the district court's interpretation of our mandate.
 
 III.
 
 5
 Brady claims that there is a genuine issue of material fact as to whether Dairy Fresh is vicariously liable under RICO for the acts of Little or Wright. This claim fails because under the doctrines of issue preclusion and the law of the case, earlier rulings in this case preclude a finding of vicarious liability.
 
 
 6
 Under the doctrine of issue preclusion (collateral estoppel), parties may not relitigate an issue if that issue is identical to an issue alleged in a prior litigation, was actually litigated in the prior proceeding, and was a necessary part of the earlier judgment. Clark v. Bear Stearns & Co., 966 F.2d 1318, 1320 (9th Cir. 1992). In this instance, the trial of Little and Wright necessarily resolved the question of whether those persons violated Sec. 1962(c) of RICO during their involvement in all of the transactions (counts 3-13), an issue which is "substantially identical" to a necessary issue in Brady's vicarious liability claim against Dairy Fresh. Cf. Richey v. IRS, 9 F.3d 1407, 1410-11 (9th Cir. 1993) (finding that the issue of "willful" preparation of a false return that was resolved in a criminal action was the same as the "willfulness" issue in the civil action for a tax refund).
 
 
 7
 When another court has decided an issue in a way that effectively resolves the claim in question, no further litigation of the claim is warranted. See Huettig & Schromm, Inc. v. Landscape Contractors Council, 790 F.2d 1421, 1426 (9th Cir. 1986). In the present case, the district court's judgment at trial -- that Little was not liable under Sec. 1962(c) for the Campo, started pullet, and some of the Dinuba transactions, and that Wright was not liable under Sec. 1962(c) for any of the Campo, started pullet, or Dinuba transactions -- precludes a finding that Dairy Fresh is vicariously liable for those violations, because Dairy Fresh can be liable only if Little or Wright violated RICO. See Brady I, 974 F.2d at 1155. Thus, the doctrine of issue preclusion prevents any finding of vicarious liability against Dairy Fresh, unless such liability arises out of Little's involvement in those Dinuba transactions for which he was found liable under Sec. 1962(c).[1]
 
 
 8
 On this remaining issue, the district court determined that the law of the case doctrine precludes a finding of vicarious liability against Dairy Fresh based on Little's RICO violation relating to the Dinuba transactions. Under the law of the case doctrine, when a district court considers a case on remand, it may not reconsider a question decided by the appellate court. United States v. Houser, 804 F.2d 565, 567 (9th Cir. 1986). In the present case, the district court, on remand, was bound by our unpublished memorandum disposition on the non-RICO claims, Brady v. Dairy Fresh Products Co., No. 89-56023, (9th Cir. Sept. 9, 1992) [hereinafter Brady Memorandum]. In that disposition, we held that Little was not an agent of Dairy Fresh for purposes of either the Campo transactions or the Dinuba transactions. Id. at 5-6, 9-10. Because our previous published opinion only allowed for a finding of RICO liability against Dairy Fresh based on the violations of its employees or agents, see Brady I, 974 F.2d at 1152-55, this ruling precludes RICO liability against Dairy Fresh based on Little's role in the Dinuba transactions. See Moore v. Jas. H. Matthews & Co., 682 F.2d 830, 834-35 (9th Cir. 1982). Thus, we affirm the district court's finding that there is no genuine issue of material fact as to whether Dairy Fresh was vicariously liable for Sec. 1962(c) violations by Little and Wright.
 
 IV.
 
 9
 Brady asserts that the district court should have considered whether Bencal, Inc. and Kennebec Breeders, Inc. were agents of Dairy Fresh, and whether their acts could form the basis for a finding that Dairy Fresh was vicariously liable under RICO. We agree with the district court that Brady has waived the right to pursue theories of vicarious liability based on the acts of agents other than Little and Wright.
 
 
 10
 Although Brady alleged in his complaint that Bencal and Kennebec were agents of Dairy Fresh, this reference was not sufficient to prevent waiver, because Brady failed to press the issue adequately by presenting relevant evidence and arguments at summary judgment. See Self Directed Placement Corp. v. Control Data Corp., 908 F.2d 462, 466 (9th Cir. 1990); Greater Los Angeles Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1116 (9th Cir. 1987) (holding that constitutional claims raised in the pleadings were waived because the plaintiffs relied entirely on statutory claims at trial and failed to present evidence and arguments on the constitutional claims).
 
 
 11
 Although Brady referred to these corporations in passing in its proposed statement of facts and in its memoranda in opposition to summary judgment, those documents are devoid of any allegation that Bencal and Kennebec were agents of Dairy Fresh. In the first denial of summary judgment, the district court's discussion of vicarious liability for the acts of agents focused solely on the acts of Little and Wright, making no mention of Bencal, Kennebec, or other possible agents.
 
 
 12
 Moreover, waiver is evident from the fact that during the trial on the claims that survived summary judgment, Brady listed only Little and Wright as the alleged agents of Dairy Fresh, making no mention of Bencal or Kennebec. See Eberle v. City of Anaheim, 901 F.2d 814, 817 (9th Cir. 1990); Eagle v. American Telephone & Telegraph Co., 769 F.2d 541, 548 (9th Cir. 1985), cert. denied, 475 U.S. 1084 (1986). Finally, Brady has presented no evidence that he raised an agency theory involving Bencal or Kennebec before this court on his first appeal. Under these circumstances, the claim that Dairy Fresh is vicariously liable under RICO for acts of Bencal or Kennebec is waived. See Zolin, 812 F.2d at 1116.
 
 V.
 
 13
 We also reject Brady's claim that the district court erred in finding that it has waived claims that Dairy Fresh was vicariously liable for possible RICO violations of 18 U.S.C. Sec. 1962(a) by Little or Wright. Although Brady alleged Sec. 1962(a) RICO liability in its complaint, the claim is waived if Brady failed to pursue it at summary judgment and trial. See Self Directed Placement, 908 F.2d at 466); Zolin, 812 F.2d at 1116. We find that Brady did not pursue the Sec. 1962(a) argument. Although Brady stated in his memorandum in opposition to summary judgment that "Plaintiffs bring their RICO cause of action pursuant to two statutes -- Section 1962(a) and 1962(c)," he presented no argument relating to Sec. 1962(a), and the district court's order on summary judgment made no mention of Sec. 1962(a) liability. Brady's citation in summary judgment papers to several cases that discuss Sec. 1962(a) liability did not preserve the issue, because all of those cases also included an extensive discussion of Sec. 1962(c) liability, the issue which Brady did pursue. See, e.g., Petro-Tech v. Western Co., 824 F.2d 1349 (3d Cir. 1987); United States v. Tillett, 763 F.2d 628 (4th Cir. 1985).
 
 
 14
 In addition, the lack of any reference to Sec. 1962(a) in Brady's Memorandum of Contentions of Fact and Law and the Pre-Trial Order filed at the trial of Little and Wright also supports a finding of waiver. See Eberle, 901 F.2d at 817; Eagle, 769 F.2d at 548. Brady also failed to offer a jury instruction on Sec. 1962(a). Thus, we find that Brady waived the Sec. 1962(a) claims by failing to pursue them at the district court. See USA Petroleum Co. v. Atlantic Richfield Co., 13 F.3d 1276, 1284 (9th Cir. 1994) ("It is a general rule that a party cannot revisit theories that it raises but abandons at summary judgment.").
 
 CONCLUSION
 
 15
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Although Little and Wright were found liable under Sec. 1962(c) for their involvement in the Phoenix transaction, the parties agree that the Phoenix transaction is no longer at issue because of a settlement