77 F.3d 490
 77 A.F.T.R.2d 96-858, 96-1 USTC P 50,152
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Martin SCHACHTER, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
Marcia KARP, Administrator of the Estate of David S. Karp,
Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 Nos. 94-16726, 94-16788.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 11, 1996.
Decided Feb. 8, 1996.
 
 Before: ALDISERT,* SCHROEDER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Martin Schachter and Marcia Karp appeal from the district court's ruling at summary judgment that an Internal Revenue Service agent did not unlawfully disclose tax return information to various individuals.
 
 
 3
 The district court had jurisdiction under 26 U.S.C. § 7431(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291. Appeal was timely filed under Rule 4(a), Federal Rules of Appellate Procedure. We review de novo the district court's interpretation of the Internal Revenue Code and its order granting summary judgment. Richey v. United States, 9 F.3d 1407 (9th Cir.1993); Smith v. Noonan, 992 F.2d 987, 989 (9th Cir.1993). We affirm the district court's order.
 
 I.
 
 4
 Pursuant to an investigation into possible tax evasion by taxpayers Martin Schachter and David Karp, the Internal Revenue Service contacted present and former customers of Cal Ben Company through the use of circular letters. The circular letters indicated that Schachter and Karp were under investigation by the criminal investigation division of the Internal Revenue Service. Schachter and Karp filed suit in the district court seeking damages for unauthorized disclosure of tax return information pursuant to 26 U.S.C. § 7431.
 
 
 5
 Section 6103 of the Internal Revenue Code establishes a general rule that "returns" and "return information," as defined in the statute, shall be confidential. 26 U.S.C. § 6103(a); see Church of Scientology of Cal. v. Internal Revenue Service, 484 U.S. 9, 10 (1987). "Return information" is a broad term of art that includes "whether the taxpayer's return was, is being, or will be examined or subject to other investigation." 26 U.S.C. § 6103(b)
 
 
 6
 Section 7431 of the Internal Revenue Code provides the civil remedy for a violation of Section 6103. Under Section 7431, an officer or employee of the United States may render the United States liable if that officer "knowingly, or by reason of negligence, discloses any return or return information with respect to a taxpayer in violation of any provision of Section 6103." 26 U.S.C. § 7431. However, "[n]o liability shall arise under this section with respect to any disclosure which results from a good faith, but erroneous, interpretation of Section 6103." Id. This statutory "good-faith" exception protects the United States from liability where the alleged violation arises from a good-faith misunderstanding of Section 6103. We agree with the conclusion of the district court that the agent and agency acted in good faith.
 
 
 7
 The agent making the disclosures relied on provisions of an Internal Revenue Manual, in effect at that time, which recommended that special agents state that the taxpayer was "under investigation" and instructed that the ancillary heading of the letter should read "Criminal Investigation Division" and that the signature block should read "Special Agent, Criminal Investigation Division." The Manual also instructed special agents to identify themselves in personal interviews by showing their badge and credentials. Given this set of instructions, a reasonable special agent would not have known that he should not disclose the information at issue here.
 
 
 8
 Our conclusion of good faith on the part of the agent and agency also stems from the fact that while the IRS instructed its agents to disclose their affiliation with the criminal investigation division, elsewhere in its Manual the IRS warned its agents against committing unnecessary disclosures and emphasized that unwarranted embarrassment to the taxpayer and other damaging collateral consequences can result from a nonjudicious use of circular letters. The IRS has since instituted and followed procedures designed to prevent wrongful disclosures. Additionally, the Manual has now been amended to eliminate the instruction for agents to identify themselves as agents of the criminal investigation division in the ancillary heading or the signature block of a circular letter.
 
 
 9
 We conclude that the district court properly entered summary judgment in favor of the government.
 
 II.
 
 10
 We have considered all arguments advanced by the parties and, in light of our conclusion that the agent and agency acted in good faith, conclude that no further discussion is necessary.
 
 
 11
 AFFIRMED.
 
 
 
 *
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3