FILED

**NOT FOR PUBLICATION**

AUG 02 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50050 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00020-ABC-1 |
| v. | |
| RICARDO SERVANDO FRUTOS-LOPEZ, AKA John Doe, AKA Ricardo Frutos-Vargas, AKA Ricky Servando Lopez, AKA Ricardo Frutos- Lopez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Argued June 1, 2009
Submitted July 29, 2010
Pasadena, California

Before: RYMER, GRABER, and BEA, Circuit Judges.

Ricardo Servando Frutos-Lopez pled guilty in the Central District of

California to violating 8 U.S.C. § 1326. His plea was conditional on the right to

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

appeal a number of issues related to the removal order upon which his § 1326 conviction is predicated.  We affirm.

After Frutos-Lopez was convicted for second-degree robbery in violation of California Penal Code § 211, an immigration judge in March 2001 ruled that the conviction was an "aggravated felony," and the government then removed Frutos-Lopez pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii).  Frutos-Lopez came back into the United States without permission.  When the government charged Frutos-Lopez with violation of § 1326 in the District of Nevada, he successfully argued for dismissal of the indictment because the March 2001 removal order erroneously categorized his robbery conviction as an "aggravated felony" based on then-governing Ninth Circuit precedent.  The district court in Nevada dismissed the indictment, but Frutos-Lopez never asked that court to vacate the removal order, and the court never purported to take such an action.  Thus, we have no occasion to consider whether a district court in criminal proceedings pursuant to a § 1326 charge has jurisdiction to vacate the underlying removal order.

The government removed Frutos-Lopez again, and he again returned to the United States without permission.  Frutos-Lopez was charged in the Central District of California with a new violation of § 1326 based on the March 2001 removal order.  Frutos-Lopez did not argue collateral estoppel (issue preclusion)

2

before the district court.  Review is therefore for plain error.  Given the intervening change in law caused by *Gonzales v. Duenas-Alvarez*, 549 U.S. 183 (2007), the district court did not plainly err by refusing to follow the decision by the District of Nevada.  "[E]ven where the core requirements of issue preclusion are met, an exception to the general rule may apply when a 'change in [the] applicable legal context' intervenes."  *Bobby v. Bies*, 129 S. Ct. 2145, 2152 (2009) (second alteration in original) (quoting Restatement (Second) of Judgments § 28 cmt. c (1980)); *Richey v. IRS*, 9 F.3d 1407, 1410 (9th Cir. 1993); *Artukovic v. INS*, 693 F.2d 894, 898 (9th Cir. 1982).

Frutos-Lopez's remaining arguments are foreclosed by circuit precedent. His conviction for second-degree robbery under California Penal Code § 211 is an "aggravated felony" under the removal statute, 8 U.S.C. § 1227(a)(2)(A)(iii), because such a conviction is a categorical crime of violence under 8 U.S.C. § 1101(a)(43)(F) and because Frutos-Lopez was sentenced to at least one year for his crime.  *See United States v. Becerril-Lopez*, 541 F.3d 881, 889 (9th Cir. 2008), *cert. denied*, 129 S. Ct. 959 (2009); *United States v. McDougherty*, 920 F.2d 569, 573 (9th Cir. 1990) ("[R]obbery under California law is . . . by definition a crime of violence.").  That conviction is also a "crime of violence" under U.S.S.G. § 2L1.2.  *Becerril-Lopez*, 541 F.3d at 893.  And we have already rejected the

3

argument that § 1326(b) is facially unconstitutional. *United States v. Salazar-Lopez*, 506 F.3d 748, 751 n.3 (9th Cir. 2007).

AFFIRMED.