NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEFFREY I GOLDEN, Chapter 7 Trustee of Aletheia Research and Management, Inc., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> O'MELVENY & MYERS LLP; STEVEN J. OLSEN, an individual; JOSE JORGE DENEVE, an individual, <br><br> Defendants-Appellees, <br><br> and <br><br> FREEDMAN AND TAITELMAN LLP; DOES, 1 through 12, <br><br> Defendants. | Nos. 19-56371, 20-55471 <br><br> D.C. No. 2:14-cv-08725-CAS-AGR <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted August 4, 2021**
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: PAEZ, CALLAHAN, and BENNETT, Circuit Judges.

Jeffrey I. Golden, Chapter 7 trustee of Aletheia Research and Management, Inc. ("Aletheia") appeals from the district court's orders confirming an arbitration award, granting summary judgment for Defendants, and denying Golden leave to file an amended complaint.[1] We have jurisdiction under 9 U.S.C. § 16(a)(1)(D) and 28 U.S.C. § 1291 and affirm.

1. Golden argues that the arbitration award should be vacated because it "violates California public policy." However, § 10 of the Federal Arbitration Act ("FAA") "provides the exclusive means by which a court reviewing an arbitration award under the FAA may grant vacatur of a final arbitration award." *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 664 (9th Cir. 2012) (citing *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 584 (2008) and *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 994 (9th Cir. 2003)). Section 10 contains no explicit public policy grounds for vacatur of an arbitration award. Although the Ninth Circuit has suggested that public policy might be a valid ground for vacatur of an arbitration award under the FAA, *see Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 641 n.4 (9th Cir. 2010), we do not invoke it here

---

[1] Because the parties are familiar with the facts, we restate only those necessary to explain our decision.

2

because we find Golden's public policy argument an unpersuasive effort to relitigate the arbitrator's finding that no conflict of interest resulted from O'Melveny and Myers's ("O'Melveny") representation of both Aletheia and Peter Eichler.

Golden asserts that the arbitrator "manifestly disregarded" the law.[2] "The manifest disregard exception requires something beyond and different from a mere error in the law or failure on the part of the arbitrators to understand and apply the law." *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir. 2007) (citation and quotation marks omitted). "[M]anifest disregard of the law for the purposes of the FAA occurs only where there is evidence that the arbitrator knew the law but ignored it nonetheless." *Biller*, 668 F.3d at 668 n.7. "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the [FAA], which is unambiguous in this regard." *Kyocera*, 341 F.3d at 994. Here, the arbitrator thoroughly considered the relevant California precedents in his 137-page decision, and we find no instances where he manifestly disregarded or misapplied them.

Neither may we vacate an arbitration award for alleged partiality on the part

---

[2]    The Ninth Circuit has held that *Hall St.* does not displace the "manifest disregard" exception because it is shorthand for the statutory provision in the FAA, § 10(a)(4), which states that the court may vacate "where the arbitrators exceeded their powers." *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1290 (9th Cir. 2009) (citation omitted).

3

of the arbitrator. "To show 'evident partiality' in an arbitrator, [Golden] . . . must establish specific facts indicating actual bias." *Lagstein*, 607 F.3d at 645–46 (citation omitted). Golden has not met that burden. Nothing in the record suggests that the arbitrator held anything against Golden because of the arbitrator's son not receiving employment offers from firms involved in this litigation or that the arbitrator was partial on account of having another matter involving Defendants' counsel. Golden also points to various rulings the arbitrator made in favor of Defendants as evidence of partiality, but "[e]ven repeated rulings against one party to the arbitration will not establish bias absent some evidence of improper motivation." *Sheet Metal Workers Int'l Ass'n Local Union # 420 v. Kinney Air Conditioning Co.*, 756 F.2d 742, 746 (9th Cir. 1985). Golden disagrees with the merits of the rulings but offers no evidence of improper motivation. Moreover, we find no language in the arbitration decision suggestive of partiality.

In addition, Golden argues that "[t]he [a]rbitrator, in light of the conflict which renders the Engagement Agreement and its arbitration provision unenforceable, had no authority to adjudicate [Golden]'s substantive claims." However, "it is a mainstay of the [FAA's] substantive law that attacks on the validity of the contract, as distinct from attacks on the validity of the arbitration clause itself, are to be resolved by the arbitrator in the first instance, not by a federal or state court. For these purposes, an arbitration provision is severable

from the remainder of the contract." *Nitro-Lift Techs., L.L.C. v. Howard*, 568 U.S. 17, 20–21 (2012) (citations and quotation marks omitted). Here, because Golden first raised the issue of the alleged illegality of the "Engagement Agreement" before the district court instead of the arbitrator, the district court could not, nor can we, consider it. *See Marino v. Writers Guild of Am., E., Inc.*, 992 F.2d 1480, 1484 (9th Cir. 1993) ("it is well settled that a party may not sit idle through an arbitration procedure and then collaterally attack that procedure on grounds not raised before the arbitrators when the result turns out to be adverse").

2. Golden contends that the factual disputes of (1) "whether the value of O'Melveny's legal services was reasonably equivalent to the amount of the Fraudulent Conveyances," and (2) whether O'Melveny was a non-statutory insider, were not at issue or actually and necessarily decided in the arbitration, and thus the district court should not have granted summary judgment for Defendants on the bankruptcy claims by applying collateral estoppel.

"We review de novo a grant of summary judgment. We review de novo the district court's determination that res judicata and collateral estoppel are available. If we determine that collateral estoppel is available, we review for abuse of discretion the district court's decision to accord preclusion." *Miller v. County of Santa Cruz*, 39 F.3d 1030, 1032 (9th Cir. 1994) (citations omitted).

"Issue preclusion, or collateral estoppel, bars successive litigation of an issue

of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, *even if the issue recurs in the context of a different claim*." *Howard v. City of Coos Bay*, 871 F.3d 1032, 1040–41 (9th Cir. 2017) (citation and quotation marks omitted) (emphasis added).  The issues need only be the same "in substance."  *Richey v. U.S. I.R.S.*, 9 F.3d 1407, 1410 (9th Cir. 1993).  To determine whether two issues are the same in substance for purposes of collateral estoppel, the Court considers (1) whether there is "a substantial overlap between the evidence or argument to be advanced in the second proceeding and that advanced in the first"; (2) whether "the new evidence or argument involve[s] the application of the same rule of law as that involved in the prior proceeding"; (3) whether "pretrial preparation and discovery related to the matter presented in the first action [could] reasonably be expected to have embraced the matter sought to be presented in the second"; and (4) "how closely related . . . the claims involved in the two proceedings [are]."  *Resolution Tr. Corp. v. Keating*, 186 F.3d 1110, 1116 (9th Cir. 1999) (citation omitted).

Our review of the record of these proceedings reveals that the arbitrator actually and necessarily decided the issues dispositive to Golden's bankruptcy claims.  Golden has not shown that the district court abused its discretion in applying collateral estoppel.

3.      Nor has Golden shown that the district court abused its discretion in

6

denying his motion for leave to file an amended complaint. Golden's proposed additional allegations were in support of his bankruptcy claims, on which the arbitration award had preclusive effect. *See Nunes v. Ashcroft*, 348 F.3d 815, 818 (9th Cir. 2003) ("Futility alone can justify the denial of a motion to amend."), *amended by Nunes v. Ashcroft*, 375 F.3d 805 (9th Cir. 2004).

4.      Neither did the district court abuse its discretion in denying Golden's Rule 56(d) request for additional discovery before the court ruled on the motion for summary judgment. *See Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) ("We review a district court's order denying additional discovery for abuse of discretion."). A party requesting a discovery continuance pursuant to Rule 56 must identify the specific facts that further discovery would reveal and explain why those facts would preclude summary judgment. *See id*. The district court reasonably found that Golden's "general averments are insufficient to satisfy Rule 56(d)." The Ninth Circuit has explained that "[i]t is not enough to rely on vague assertions that discovery will produce needed, but unspecified, facts. . . . The evidence sought . . . must be more than the object of mere speculation." *Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 1013 n.29 (9th Cir. 2013) (citations omitted) (rejecting a motion made under Rule 56(f)). Critically, Golden did not show how additional discovery, even if produced, would overcome the application of collateral estoppel to the bankruptcy claims.

7

5. Finally, the district court properly proceeded to dispose of the bankruptcy claims and bankruptcy proceeding while the appeal from the order confirming the arbitration award was pending. "[W]here an appeal is taken from a judgment which does not finally determine the entire action, the appeal does not prevent the district court from proceeding with matters not involved in the appeal." *Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1411 (9th Cir. 1990) (citation omitted). Here, the bankruptcy claims were "not involved in the appeal," so the district court could proceed to adjudicate those claims.

**AFFIRMED**.[3]

---

[3] Golden's requests for judicial notice, Dkt No. 15 in Case No. 19-56371 and Dkt Nos. 9 and 24 in Case No. 20-55471, are GRANTED.