NOT FOR PUBLICATION

**FILED**

AUG 30 2021

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN Q. RODGERS, | No. 20-55378 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-09441-PA-AS |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted July 6, 2021
Pasadena, California

Before: D.M. FISHER,** WATFORD, and BUMATAY, Circuit Judges.

For the 2009 and 2010 tax years, John Rodgers prepared tax returns for two individuals and their related companies. After determining that the returns understated taxes, the Internal Revenue Service assessed penalties against Rodgers under 26 U.S.C. § 6694(b)(2)(A) and (b)(2)(B). Rodgers filed suit contesting the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

penalties. The district court held a bench trial and entered judgment for the government. Relevant here, the court held that Rodgers acted willfully under § 6694(b)(2)(A) after concluding that willfulness includes reckless disregard.

Rodgers appealed, and a panel of this court held that the district court erred in reaching that conclusion. *Rodgers v. United States*, 772 F. App'x 555, 556 (9th Cir. 2019). The panel stated that willfulness under § 6694(b)(2)(A) requires "a conscious act or omission made in the knowledge that a duty is therefore not being met." *Id.* (simplified). The case was then remanded for the district court to apply the correct willfulness standard. *Id.* On remand, the district court once again found Rodgers liable for willfully understating taxes—this time, under a theory of willful blindness.

Rodgers now appeals to this court again. He argues that the willful blindness doctrine alone cannot satisfy the willfulness requirement of § 6694(b)(2)(A) because, while willful blindness allows the factfinder to impute knowledge, the statute also requires a finding of specific intent. We review *de novo*, *Rykoff v. United States*, 40 F.3d 305, 307 (9th Cir. 1994), and agree that § 6694(b)(2)(A) requires specific intent.

Precedent dictates this conclusion. In *Richey v. IRS*, 9 F.3d 1407 (9th Cir. 1993), we held that "'willful' has the same meaning under both sections 7206 and 6694." *Id.* at 1411. And three years prior to *Richey*, we held that "willful" under § 7206 requires a showing of "specific intent to defraud the government." *United*

2

*States v. Salerno*, 902 F.2d 1429, 1432 (9th Cir. 1990). Thus, it is settled law that willfulness under § 6694(b)(2)(A) requires specific intent to understate tax liability on tax returns or claims.

The district court based its willfulness conclusion solely on a finding that Rodgers was "willfully blind" to the fact that he was preparing understated tax returns. Specifically, the court found the willfulness standard satisfied because "Rodgers knew there was a high probability that he was understating the tax on the 2009 and 2010 tax returns" and "took deliberate actions to avoid learning of these facts," which established willful blindness under the two-part test of *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011). But that conclusion does not encompass the full meaning of "willful" under § 6694(b)(2)(A). The court must determine whether Rodgers acted with the specific intent to understate the reported tax liabilities. And because the district court did not make that finding, we vacate the order and remand for further proceedings on whether the willfulness standard is satisfied. Willfulness under § 6694(b)(2)(A), including specific intent, may be established by circumstantial evidence. *See United States v. Conforte*, 624 F.2d 869, 875 (9th Cir. 1980) (holding that willfulness may be inferred from all the facts and circumstances in part because "[d]irect proof of a taxpayer's intent to evade taxes is rarely available").

**VACATED** and **REMANDED**