65 F.3d 174
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward DEMERSON, Plaintiff-Appellant,
v.
K.W. PRUNTY, Warden; Bryant S. Gunn, Warden; H. Rippetoe,
Associate Warden; P.D. Washington, Program
Administrator; R.A. Ballard, Program
Lieutenant; Defendants-Appellees.
 No. 94-56457.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Aug. 22, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Edward Demerson appeals pro se the district court's grant of summary judgment in his civil rights action. Demerson alleged that prison officials mishandled his legal mail, denied him access to the courts, harassed him, and improperly reviewed his grievances. We have jurisdiction, 28 U.S.C. Sec. 1291, and we affirm.
 
 DISCUSSION[1]
 
 3
 Demerson alleges that on one occasion, his confidential mail was opened, read, and not returned to him until nine days later, in violation of his first amendment rights. We agree with the district court that the inspection of Demerson's mail, due to prison officials' reasonable suspicion that Demerson had forged a prison form required to send the mail, served the prison's significant interest in preventing forgery by inmates, and that the temporary delay of Demerson's mail was no greater than necessary. See Procunier v. Martinez, 416 U.S. 396, 413-414 (1974) (first amendment not violated by regulation of outgoing prisoner mail which furthers a substantial government interest and is no greater than necessary to protect that interest), overruled on other grounds, Thornburgh v. Abbott, 490 U.S. 401, 412-414 (1989). Because Demerson failed to establish a constitutional violation, the district court properly concluded that defendants were entitled to judgment as a matter of law on this claim. Kennedy v. Los Angeles Police Dept., 901 F.2d 702, 705 (9th Cir.1989) (plaintiff must establish deprivation of a right secured by the Constitution or federal law).
 
 
 4
 Demerson claims that on three other occasions, his confidential mail was delayed, read, and censored, in contravention of prison regulations and his first amendment rights. His claims that the mail was read and censored are unsupported by any evidence and thus, insufficient to withstand summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). To the extent Demerson alleges a violation of his due process rights, the district court properly granted summary judgment, as Demerson's allegations amount to a claim for negligence only. See Daniels v. Williams, 474 U.S. 327, 330-332 (1986) (negligent denial of due process not actionable under section 1983).
 
 
 5
 Demerson also failed to establish that his limited access to the satellite law library denied him access to the courts. "A right of access claim other than one alleging inadequate law libraries or alternative sources of legal knowledge must be based upon an actual injury." Johnson v. Moore, 948 F.2d 517, 521 (9th Cir.1991). Actual injury results when there is "a specific instance in which an inmate was actually denied access to the courts." Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). Demerson failed to establish actual injury, as he did not demonstrate any instance in which his request for books or library time was denied. Moreover, the district court specifically found that despite his limited library time Demerson had timely filed numerous documents. Demerson's unsupported allegation that an unspecified case was thrown out of court due to his limited library time is insufficient to withstand summary judgment. See Celotex, 477 U.S. at 324. Similarly, Demerson's conclusory allegations of a conspiracy to deny access to the courts are insufficient. See Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir.) (allegations of conspiracy brought under section 1983 must be supported by specific facts showing existence of conspiracy), cert. denied, 113 S.Ct. 599 and 113 S.Ct. 600 (1992).
 
 
 6
 To the extent Demerson claims that the nine day delay of his mail resulted in denial of access to the courts in an earlier civil rights suit, we disagree. The record reveals that Demerson forged a prison form required to send those parcels, and that Demerson refused to take back his mail when it was offered to him. Thus, Demerson, and not the prison officials, was responsible for any adverse consequences in Demerson's other civil rights action. Consequently, summary judgment was proper. See Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir.1978) (to be held liable under section 1983, defendant must cause the constitutional violation).
 
 
 7
 Finally, we conclude that summary judgment was properly granted on Demerson's remaining claims. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.1987) (allegations of verbal harassment or abuse do not state a constitutional deprivation); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.) ("There is no legitimate claim of entitlement to a [prison] grievance procedure."), cert. denied, 488 U.S. 898 (1988). We decline to reach claims raised by Demerson for the first time on appeal. See Self Directed Placement Corp. v. Control Data Corp., 908 F.2d 462, 466 (9th Cir.1990).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Demerson's motion to substitute briefs is granted. His motion to file an appendix is construed as a motion to file an excerpt of record, and is granted with respect to each item appearing in the district court record. His motion for oral argument is denied