**SELF DIRECTED PLACEMENT
CORP., and Charles D.
Hoffman, Plaintiffs–Appellants,**

v.

**CONTROL DATA CORPORATION, and
Control Data Institute,
Defendants–Appellees.**

No. 89–55337.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 10, 1990.

Decided July 10, 1990.

Howard D. Finkelstein, Finkelstein & Associates, San Diego, Cal., for plaintiffs-appellants.

Paul R. Smith and Nanette Farina, Solomon, Ward, Seidenwurm & Smith, San Diego, Cal., Arthur J. Levine and Mark Traphagen, Finnegan, Henderson, Farabow, Garrett & Dunner, Washington, D.C., for defendants-appellees.

Before REINHARDT and LEAVY, Circuit Judges, and THOMPSON, District Judge.[1]

BRUCE R. THOMPSON, Senior District Judge:

Charles D. Hoffman and Self Directed Placement Corporation (Self Directed) appeal from the district court's grant of summary judgment in favor of Control Data Corporation and Control Data Institute (Control Data).[2] Self Directed claims that Control Data misappropriated trade secrets and engaged in unfair competition. Self Directed also claims the district court failed to permit adequate discovery before ruling on the summary judgment motion.

## STANDARD OF REVIEW

■ The district court's decision granting summary judgment is reviewed *de novo*. *Hoopa Valley Tribe v. Nevins*, 881 F.2d 657, 659 (9th Cir.1989), *cert. denied*, — U.S. —, 110 S.Ct. 1523, 108 L.Ed.2d 763 (1990). Under the *de novo* standard of review, the reviewing court must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Tzung v. State Farm Fire & Casualty Co.*, 873 F.2d 1338, 1339–40 (9th Cir. 1989); *Harkins Amusement Enters. v. General Cinema Corp.*, 850 F.2d 477, 482 (9th Cir.1988), *cert. denied*, 488 U.S. 1019, 109 S.Ct. 817, 102 L.Ed.2d 806 (1989). Because the district court granted summary judgment in favor of Control Data, we view the facts in the light most favorable to Self Directed. The district court's ruling concerning discovery is reviewed for an abuse of discretion. *Herring v. Delta Air Lines, Inc.*, 894 F.2d 1020, 1021 (9th Cir.1989), *cert. denied*, — U.S. —, 110 S.Ct. 1319, 108 L.Ed.2d 495 (1990).

## FACTS

Self Directed was engaged in the business of providing training courses to unem-

---

1. Honorable Bruce R. Thompson, Senior United States District Judge, District of Nevada, sitting by designation.

2. For clarity, the abbreviations "SDP", "CDC", "CDI", and "SDPC" refer to Self Directed Placement, Control Data Corporation, Control Data Institute and Self Directed Placement Corporation.

464

ployed and under-employed individuals. The courses offered by Self Directed were intended to teach students with poor employment histories how to obtain employment. The business had a high success rate and by 1982, the founder and sole shareholder, Charles Hoffman, was grossing over $8,000,000 per year. Self Directed's program of training involved both written and video materials taught by Self Directed trained instructors using Self Directed's Instructor's Manual. Instructors were required to sign an Employee Secrecy Agreement prior to being trained. Students and "outsiders" were not allowed access to the Instructor's Manuals, which Self Directed considered to be confidential business information. However, the more than 30,000 students that attended Self Directed's course were not required to sign any secrecy agreement regarding the program's format or contents.

Control Data was engaged in the business of providing computer related vocational training courses. During the late 1970's and early 1980's Control Data experienced losses of revenue and difficulty in finding employment positions for its graduates. In 1981, Alvis Swinney, Control Data's chief "trouble shooter" initiated negotiations with Self Directed for the purpose of licensing the Self Directed program to assist Control Data in solving its placement difficulties.

Following a series of negotiations, the parties agreed that Self Directed would first conduct a "pilot" program for Control Data. This program took place in Control Data's Anaheim facility in November and December of 1981. Lois Trager, an employee of Self Directed who had signed a Secrecy Agreement, was one of the instructors during this pilot program. Alvis Swinney attended part of the Anaheim program and during the program Swinney offered Trager a substantially higher paying job with Control Data. Within a month, Trager left Self Directed to work for Control Data. She did not copy any of the Self Directed manuals prior to leaving nor did she take any of the manuals with her. At Control Data Trager was assigned the task of putting a program together "using SDP,

using what [she] did, using what [she] had learned in Anaheim on the program". Soon thereafter, Control Data ceased communications with Self Directed.

Hoffman's complaint, filed on April 16, 1985, listed four claims for relief: (1) copyright infringement of the "Self Directed Placement Corporation Student Handbook"; (2) copyright infringement of the "CDI Training Tape"; (3) violation of trade secret; and (4) fraud. In its jurisdictional statement, plaintiff stated that "[t]his action arises in part under the copyright laws of the United States, ... in part under the laws of the State of California, and in part under the common law of trademarks and unfair competition." In both copyright infringement claims plaintiff alleges:

[s]ince January 1982, and continuously since then, CDC and CDI have been publishing, selling and otherwise marketing their infringing work, and have thereby been engaging in unfair trade practices and unfair competition against SDPC to SDPC's irreparable damage.

Also, in its prayer for relief, plaintiff requests that defendant pay damages sustained by plaintiff as a consequence of defendant's copyright infringement and defendant's unfair trade practices and unfair competition.

Self Directed's counsel thereafter retired and Hoffman was substituted in pro per on January 11, 1988. On September 15, 1988, twelve days before the scheduled September 27th trial, Self Directed engaged new counsel. Up to this point, Self Directed had undertaken little discovery and Self Directed's new counsel immediately requested certain documents relating to damages from Control Data. At an ex parte conference held on September 26, 1988, the magistrate ordered the documents produced within ten days. The next day, the district judge continued the trial to March 7, 1989, and imposed sanctions on Self Directed's counsel for the delay caused to defendant.

Another discovery conference was held on November 4, 1988 and the magistrate ordered Control Data to produce the re-

quested documents and to file a formal response within 30 days. On December 20, 1988, Control Data produced some of the documents and filed a motion for summary judgment. Ten days later Control Data filed a motion for a protective order. Self Directed responded with a motion to compel production of documents and filed its opposition to Control Data's summary judgment motion. A discovery hearing was set for January 19, 1989. The lower court granted summary judgment on January 17, 1989, in favor of Control Data on Self Directed's claims under the Copyright Act, 17 U.S.C. § 102, *et seq.*, violation of trade secret, and fraud. The copyright and fraud determinations are not being contested by Self Directed. Self Directed is now appealing the trade secret ruling, the lower court's failure to address its unfair competition claim, and the propriety of granting summary judgment while a motion to compel was still pending.

## DISCUSSION

### I. Pending Discovery Request

■ The district court's failure to continue the summary judgment motion and permit additional discovery is reviewed for an abuse of discretion. *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1533 (9th Cir.1989). As a result of discovery conferences held in September and November of 1988, Self Directed received a portion of the information it had requested regarding gross revenues, operating revenues, enrollees and drop-outs from Control Data. After Control Data filed their motion for summary judgment, Self Directed moved for additional production of documents. Before Self Directed received any further discovery, summary judgment was granted.

■ It is clear from the record that Self Directed's pending motion to compel production of documents was related solely to the issue of damages. The district court's order granting summary judgment for Control Data was rendered on liability. Additional information regarding damages would not have altered the district court's finding of no liability. Thus, the district court did not abuse its discretion by ruling on Control Data's liability before discovery was completed. *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1181 (9th Cir.1988).

### II. Trade Secret Claim

■ Self Directed contends that its employment counseling program, which includes some thirty-six elements, should be accorded trade secret protection as the program incorporates "know-how" and "negative know-how" attained through accumulated experience. The alleged trade secrets include such instruction techniques as: the program being conducted on consecutive days, beginning with Wednesday; instructor review and critique of thank you notes; holding a surprise cocktail party prior to the normal ending time on the last day of class; and conducting dress rehearsals for job interviews on the last day of class.

The district court granted summary judgment stating:

> Each of these items is either already a matter of common public knowledge or completely disclosed to students taking the SDPC [Self Directed] course. It would be absurd to permit Hoffman to appropriate as his own 'secrets' common pedagogical and job search techniques which would be used in any job placement course. Other characteristics of Hoffman's course were in the public domain because any student taking the course would have access to them.

In reaching the above conclusion, the district court correctly held as a matter of law that the items presented by Control Data, taken either individually or as a whole, were not secret and were a matter of common public knowledge. *Walker v. University Books, Inc.*, 602 F.2d 859, 865 (9th Cir.1979) (The subject matter of a trade secret must be secret, not obvious); *American Credit Indem. Co. v. Sacks*, 213 Cal. App.3d 622, 262 Cal.Rptr. 92 (1989) (In the absence of any secret, there can be no trade secret); *American Paper & Packaging Prods., Inc. v. Kirgan*, 183 Cal.App.3d 1318, 228 Cal.Rptr. 713 (1986) (If information is commonly known to members of an

industry, it is not considered a trade secret); Secrets Act, Cal.Civ.Code §§ 3426–3426.10 (West Supp.1990) (Under California law, a trade secret claim is not actionable if the allegedly misappropriated information is generally known to the public or to other persons who can obtain economic value from its use). As it is clear from the evidence that there are no trade secrets to misappropriate, the district court's determination on this issue should be upheld.

### III. Unfair Competition Claim

Control Data contends that the issue of unfair competition was not properly raised by Self Directed in the court below and as a result that issue should not be entertained by this Court on appeal. Generally, this Court will not consider arguments that are raised for the first time on appeal. *Abex Corp. v. Ski's Enters., Inc.*, 748 F.2d 513, 516 (9th Cir.1984). Self Directed asserts however, that by liberally construing the complaint, as required by the Federal Rules of Civil Procedure, this Court should find that the unfair competition issue was indeed raised below in the complaint and was also preserved at summary judgment and is therefore properly before this Court.

▮ Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The rule further states that "[a]ll pleadings shall be so construed as to do substantial justice." Fed.R.Civ.P. 8(f). Courts have recognized that the main purpose of the complaint is to provide notice to the defendant of what plaintiff's claim is and the grounds upon which the claim rests. *BBD Transportation Co. v. Southern Pac. Transp. Co.*, 627 F.2d 170 (9th Cir.1980). The rules clearly "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). However, notice to the defendant of the mere existence of a grievance is not enough, and while it is not

necessary that plaintiff state sufficient facts to constitute a cause of action, plaintiff must at least set forth enough details so as to provide defendant and the court with a fair idea of the basis of the complaint and the legal grounds claimed for recovery. *Id.*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Dioguardi v. Durning*, 139 F.2d 774 (2nd Cir.1944); *Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal.3d 197, 197 Cal.Rptr. 783, 673 P.2d 660 (1983).

▮ While Self Directed's complaint listed four specific claims for relief (two claims for copyright infringement; a violation of trade secret claim; and a claim for fraud) it did not include an explicit claim entitled "unfair competition." Plaintiff did however, refer to unfair competition in its jurisdictional statement, in both copyright infringement claims and in its prayer for relief. In addition, plaintiff's complaint sets forth specific allegations which give rise to at least one, if not several different claims, all falling under the umbrella of unfair competition. *Balboa Ins. Co. v. Trans Global Equities*, 218 Cal.App.3d 1327, 267 Cal.Rptr. 787 (1990). This court notes that the *Balboa* case, which makes clear the overlapping concepts of unfair competition and trade secret, was not available to the district court judge at the time of the summary judgment determination.

In light of the primary notice purpose of the federal rules of pleading and the mandate of Rule 8(f) that "pleadings shall be so construed as to do substantial justice", it is clear to this court that the complaint did put Control Data on notice of a claim against it for unfair competition. However, even though appellant has met the pleading requirements of Rule 8 as to the issue of unfair competition, appellant must have also adequately preserved that issue at summary judgment before this court can consider the issue of unfair competition on appeal. *United States v. Harden*, 846 F.2d 1229 (9th Cir.), *cert. denied*, 488 U.S. 910, 109 S.Ct. 264, 102 L.Ed.2d 252 (1988).

▮ In opposing a motion for summary judgment which has been supported by affidavits, the "adverse party may not rest

upon the mere allegations or denials of the adverse party's pleading", rather, the party opposing the motion must, by affidavits or otherwise, "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). In addition, under Rule 28(a)(4) of the Federal Rules of Appellate Procedure, appellant's brief must contain "the contentions of the appellant with respect to the issues presented, and the reasons therefor," and any issues which are not supported by argument are deemed abandoned. *United States v. Loya*, 807 F.2d 1483 (9th Cir.1987); *Morgan v. South Bend Community School Corp.*, 797 F.2d 471 (7th Cir.1986).

As previously stated, a claim of unfair competition can encompass a variety of theories, including both contract and tort claims. Self Directed's opposition brief, together with its supporting deposition and declaration, and Self Directed's appellant brief, all state at least one, if not two, unfair competition claims in the area of torts—breach of confidential relationship and common law misappropriation. *International News Service v. The Associated Press*, 248 U.S. 215, 39 S.Ct. 68, 63 L.Ed. 211 (1918); *Golden Nugget, Inc. v. American Stock Exchange, Inc.*, 828 F.2d 586 (9th Cir.1987); *Tele–Count Engineers v. Pacific Tel. and Tel. Co.*, 168 Cal.App.3d 455, 214 Cal.Rptr. 276 (1985). Self Directed's summary judgment opposition combined these two separate tort theories of recovery, as well as a claim for trade secret misappropriation into a cause of action which Self Directed entitled "Unfair Trade Practice in Misappropriating Plaintiffs' Trade Secrets Through Breach of a Confidential Relationship." This claim, separated into the two more traditional tort causes of action is examined below.

An actionable claim for breach of confidential relationship occurs when:

> an idea, whether or not protectable, is offered to another in confidence, and is voluntarily received by the offeree in confidence with the understanding that it is not to be disclosed to others, and is not to be used by the offeree for purposes beyond the limits of the confidence without the offeror's permission.

*Faris v. Enberg*, 97 Cal.App.3d 309, 323, 158 Cal.Rptr. 704, 712 (1979).

The tort of common law misappropriation requires the following elements: " '(1) the plaintiff has invested substantial time and money in development of its ... "property"; (2) the defendant has appropriated the [property] at little or no cost; and (3) the plaintiff has been injured by the defendant's conduct.' " *Balboa*, 218 Cal. App.3d at 1342, 267 Cal.Rptr. at 795, quoting Scott, *Computer Law* (1984) @ 5.30 at pp. 5–28.

Appellant offers evidence, in Hoffman's declaration, that confidential information regarding Self Directed's Program, "which had been developed over the course of numerous years of trial and error at great expense and with great effort", was obtained by Control Data, at least in part, from Trager in breach of her Secrecy Agreement with appellant. This information was thus allegedly appropriated by Control Data at little or no cost. Hoffman also asserts that a confidential relationship existed between Self Directed and Control Data as prospective licensor/licensee and that Swinney had assured Hoffman during the negotiations that "if SDP divulged ... the contents of its Program as part of [the] negotiations, it would be maintained in strictest confidence." Appellant claims that the information so gained by Control Data was then utilized by appellee for its own benefit and without Self Directed's permission. In support of these assertions appellant offers both Trager's deposition and Hoffman's declaration.

In conclusion, we find that the appellant, Self Directed, raised the issue of unfair competition sufficiently in its pleadings to put Control Data on notice of the claim against it. In addition, Self Directed adequately preserved its unfair competition claim at summary judgment and, since it properly raised the issues in its brief on appeal, the evidence it presented requires a remand to the district court to consider Self Directed's unfair competition claim.

## IV. Attorney Fees

Control Data is not entitled to attorney fees and costs for this meritorious appeal.

AFFIRMED in part and REMANDED for further proceedings in accordance with this opinion.