972 F.2d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SELF DIRECTED PLACEMENT CORP.; Charles D. Hoffman,
Plaintiff-Appellants,
v.
CONTROL DATA CORPORATION; Control Data Institute,
Defendants-Appellees.
 No. 91-55951.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 8, 1992.
Decided Aug. 11, 1992.
 
 1
 Before SNEED and D.W. NELSON, Circuit Judges, and ROLL,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Self Directed Placement Corporation and its owner and founder Charles D. Hoffman (collectively, "Self Directed") appeal the district court's grant of summary judgment in favor of Control Data Corporation and Control Data Institute (collectively, "Control Data") on Self Directed's unfair competition claim. We affirm.
 
 I.
 FACTS AND PROCEEDINGS BELOW
 A. Facts
 
 4
 The facts are stated more fully in our previous opinion in this case, Self Directed Placement Corp. v. Control Data Corp., 908 F.2d 462, 463-65 (9th Cir.1990) (Self Directed I ); we briefly summarize them here. Self Directed taught chronically unemployed and underemployed individuals how to obtain employment. The Self Directed course was taught by trained instructors who used Self Directed's Instructor's Manual, which Self Directed considered to be confidential business information. Self Directed required its instructors to sign Employee Secrecy Agreements prior to being trained. Self Directed students and outsiders were not allowed access to the Instructor's Manuals; however, students were not required to sign any secrecy agreement regarding the Self Directed program's format or contents. Self Directed enjoyed great success, and over 30,000 students attended its course.
 
 
 5
 Control Data offered vocational training courses in computer-related sciences. In 1981, Control Data initiated negotiations with Self Directed for the purpose of licensing the Self Directed program to assist Control Data in solving difficulties it had experienced placing graduates of its courses. The parties agreed that Self Directed would first conduct a pilot program for Control Data. Lois Trager, a Self Directed employee who had signed a Secrecy Agreement, was one of the instructors for the pilot program. During the program, Control Data employee Alvis Swinney offered Trager a substantially higher paying job with Control Data. Within a month, Trager left Self Directed to work for Control Data. She did not copy or take any of the Instructor's Manuals. Control Data, fully aware that Trager had signed a Secrecy Agreement, gave Trager the task of putting a program together "using SDP [Self Directed Placement]". Soon thereafter, Control Data ceased communications with Self Directed.
 
 B. Proceedings Below
 
 6
 Self Directed filed its amended complaint against Control Data on April 16, 1985, claiming copyright infringement, violation of trade secrets, and fraud. On January 17, 1989, the district court granted summary judgment for Control Data on all claims. Self Directed appealed the trade secret ruling, as well as the district court's failure to address the unfair competition claim implicit in its complaint. We affirmed the trade secret ruling, but remanded to permit the district court to consider Self Directed's unfair competition claim. Self Directed I, 908 F.2d at 467.
 
 
 7
 On remand, the district court relied on the record and findings presented in the first summary judgment proceeding to grant summary judgment for Control Data on the unfair competition claim. Specifically, the district court rejected Self Directed's misappropriation and breach of confidential relationship theories, on the grounds that the information Control Data obtained from Trager was "common public knowledge" or had been fully disclosed to students taking Self Directed's course. Self Directed now appeals a second time.
 
 II.
 JURISDICTION AND STANDARD OF REVIEW
 
 8
 We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's decision to grant summary judgment to determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. We view the facts in the light most favorable to the nonmovant. Self Directed I, 908 F.2d at 463.
 
 III.
 DISCUSSION
 
 9
 Notwithstanding Self Directed's protestations to the contrary, this is a case about the freedom of an employee to seek and obtain preferred employment. At bottom, Self Directed's unfair competition claim constitutes no more than a thinly veiled attempt to sue Control Data for "employee raiding," that is, for allegedly hiring away Self Directed's valued employee, Lois Trager, to the mutual benefit of Ms. Trager and Control Data. Employee raiding in and of itself does not constitute an unfair competitive practice, at least absent a valid noncompetition agreement between former employer and raided employee. Whether the existence of such an agreement would give rise to an unfair competition claim or other tort claim in this case is a question that we need not and do not decide. Suffice it to say that Self Directed's secrecy agreement with Lois Trager did not constitute such an agreement.
 
 
 10
 In general, where the former employee does not divulge trade secrets or confidential information to her new employer, there is no basis for an unfair competition claim based on misappropriation or breach of confidence. Here, the district court held as a matter of law that Self Directed's material was neither secret nor confidential. In its initial summary judgment ruling denying Self Directed's trade secret claim, the district court concluded that the items at issue were either common public knowledge or fully disclosed to students taking Self Directed's course. Self Directed I, 908 F.2d at 465. We affirmed. Id. On remand, the district court held that the same conclusion applies with equal force to Self Directed's unfair competition claim. We agree. Self Directed has offered no specific evidence to the contrary.
 
 
 11
 Self Directed's cited cases do not support its contention that mere appropriation of nonconfidential information, without more, constitutes sufficient basis for an unfair competition claim. The leading case of International News Service v. Associated Press, 248 U.S. 215 (1918), for example, concerned the misappropriation of newly breaking news. Although news, by its nature, is ultimately intended for public consumption, nevertheless, it is in certain respects similar to confidential information, in that it is (for a time) known to but a few, and its perishability makes it valuable only to those who first possess it and can control its distribution. The information conveyed to students by the Self Directed course, on the other hand, had no such fleeting value; quite the contrary, the students acquired lasting benefits and Self Directed continued to profit from its course even after thousands of students, who were free to divulge the contents of what they had learned, had taken the course.
 
 
 12
 To be sure, there is some authority for the proposition that a former employer may sustain an unfair competition claim based on misappropriation against a business rival even where the use of confidential material is not involved. Fidelity Appraisal Co. v. Federal Appraisal Co., 217 Cal. 307, 18 P.2d 950 (1933). However, in such cases, the business rival's methods must be "clearly and manifestly unfair" and of an "extraordinary character." Id., 217 Cal. at 314, 18 P.2d at 953; cf. Buxbom v. Smith, 23 Cal.2d 535, 145 P.2d 305 (1944) (unfair competition found where defendants gained control of plaintiff's entire business operation through deceptive dealings). The finding of "extraordinary character" is a "question primarily for the trial court to determine, and [an appellate court] will not disturb its findings unless they are entirely unsupported by the evidence." Fidelity, 217 Cal. at 314, 18 P.2d at 953. In the instant case, the district court ruled with regard to Self Directed's misappropriation theory that "the subject matter of this dispute does not rise to actionable status, as it is not even of a confidential nature," but did not consider whether the misappropriation theory could stand in the absence of confidential information. Nevertheless, we hold as a matter of law that Control Data's hiring of Self Directed's employee Trager was not of such an "extraordinary character" as to support a claim of unfair competition. Once again, Self Directed has presented no specific evidence that would support a contrary conclusion.
 
 
 13
 Self Directed urges that our remand of this case in Self Directed I demonstrates that Self Directed presented sufficient evidence to sustain its unfair competition claim. We disagree. Our statement in Self Directed I that "Self Directed adequately preserved its unfair competition claim at summary judgment and ... the evidence it presented requires a remand to the district court to consider Self Directed's unfair competition claim," 908 F.2d at 467, means exactly what it says. The district court neglected to rule on Self Directed's unfair competition claim during the first summary judgment proceeding, and we remanded for clarification. The district court has now fairly addressed the unfair competition claim. This was sufficient; we did not require that the district court hold a trial on the merits. Had Self Directed come forward with additional evidence to support its unfair competition claim, matters might stand differently, but as it is, the district court did all it was required to do.
 
 
 14
 Finally, we note that Self Directed quotes out of context our statement in Self Directed I that a claim for breach of confidential relationship may exist in cases involving " 'an idea, whether or not protectable, ... offered to another in confidence....' " Self Directed I, 908 F.2d at 467 (quoting Faris v. Enberg, 97 Cal.App.3d 309, 323, 158 Cal.Rptr. 704, 712 (Ct.App.1979)) (emphasis supplied). "Protectable," as used by the Faris court, did not mean confidential, but rather meant protectable by copyright. Faris, 97 Cal.App.3d at 323, 158 Cal.Rptr. at 712.
 
 IV.
 CONCLUSION
 
 15
 Self Directed failed to obtain a noncompetition agreement from Lois Trager during the course of her employment. It cannot obtain and enforce the equivalent of a noncompetition agreement against her or her new employer after the fact. We affirm the district court's grant of summary judgment. Control Data's motion for an award of attorney's fees is denied.
 
 
 16
 AFFIRMED.
 
 
 
 *
 Honorable John M. Roll, United States District Judge for the District of Arizona, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3