51 F.3d 280
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Louis HUTCHISON; Gayle Reese; RHR, Inc., Plaintiffs-Appellants,
v.
KFC CORPORATION, Defendant-Appellee.
 No. 93-16847.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 15, 1995.
Decided March 28, 1995.
 
 Before: NORRIS, WIGGINS, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Plaintiffs-appellants Louis Hutchison, Gayle Reese, and RHR, Inc. (collectively, "Hutchison") appeal the district court's grant of summary judgment in favor of defendant-appellee Kentucky Fried Chicken Corp. ("KFC"). Hutchison brought the action under Nevada's version of the Uniform Trade Secrets Act, Nev.Rev.Stat. Secs. 600A.030, et seq. in the District Court for the District of Nevada pursuant to that court's diversity jurisdiction. 28 U.S.C. Sec. 1332(a)(1). We affirm the order of summary judgment for KFC because the material that Hutchison disclosed to KFC in confidence did not constitute a protectible trade secret.
 
 BACKGROUND
 
 3
 Hutchison developed an allegedly proprietary process for making skinless fried chicken. When KFC was considering purchasing the process from Hutchison, Hutchison disclosed information about the process to KFC's agents, subject to written confidentiality agreements. KFC declined to purchase the process. KFC later began to market a skinless fried chicken product. Hutchison sued for misappropriation of his trade secret.
 
 
 4
 The district court granted KFC's motion for summary judgment, ruling that Hutchison's process was generally known or readily ascertainable and therefore could not constitute a trade secret. The court held that Hutchison's allegedly secret process consisted of nothing more than "the general process of cutting, skinning, marinating, dipping and breading, and frying the chicken." The court pointed out that certain aspects of the process could have constituted trade secrets (e.g., the recipes for the batter, flour mixtures, and marinade; the cooking temperatures; and the contents of the cooking oils), but Hutchison had not alleged that KFC had misappropriated those aspects.
 
 DISCUSSION
 
 5
 This court reviews the district court's grant of summary judgment de novo. Self-Directed Placement Corp. v. Control Data Corp., 908 F.2d 462, 463 (9th Cir.1990). At trial, the burden would be on Hutchison to show that his process was a trade secret. See Garter-Bare Co. v. Munsingwear Inc., 723 F.2d 707, 714 (9th Cir.1984). If the information Hutchison disclosed to KFC was not a trade secret, there can have been no misappropriation, and summary judgment was proper.
 
 
 6
 To be a trade secret, the subject matter must in fact be secret: it must "[d]erive[ ] independent economic value, present or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use." Nev.Rev.Stat. Sec. 600A.030(4)(a). The threshold for "ready ascertainability" is not a high one: the process need not satisfy the "non-obviousness" standard necessary for patent protection. Nevertheless, if a process is generally known in the industry, or readily ascertainable from public sources, section 600A.030 does not protect it even if it was previously unknown to the recipient.[1]
 
 
 7
 For Hutchison's process, the element of secrecy potentially could exist either in the combination of steps for the process as a whole or in the individual steps. We conclude that the element of secrecy was present in neither.
 
 I. Combination of Steps
 
 8
 Hutchison's combination of steps was not a trade secret. Skinless fried chicken had been on public sale by Pudgie's Famous Chicken, a chain of quick service restaurants, since 1981. From the idea of serving skinless chicken, the basic sequence of steps (skinning, marinating, dipping, breading, freezing if necessary, and frying) is readily ascertainable.
 
 
 9
 Hutchison has failed to produce evidence distinguishing its general process either from that generally in use, or from the process KFC has been using for years. He has also been unable to show that his exact combination of steps would not suggest itself to anyone seeking to achieve the same end product.[2] The overall sequence, therefore, was not a trade secret.
 
 II. Individual Steps
 
 10
 Having determined that the sequence of steps was readily ascertainable, we turn to the two individual steps, deskinning and tumble marination, that Hutchison claims were proprietary to him.[3] We conclude that, at the level of generality in which the individual steps were disclosed to KFC, they were generally known or readily ascertainable and therefore not trade secrets.
 
 A. Deskinning
 
 11
 The allegedly proprietary component of Hutchison's deskinning process is "the technique for doing it manually, so that you didn't need to use any machinery, which could still be done at a rate of at least two chickens per minute." The technique consists of slipping a hand under the skin of the chicken and pulling the skin off, allegedly in a manner that achieves superior speed.[4]
 
 
 12
 We find that the deskinning technique is readily ascertainable. Other than the claim of speed, Hutchison's description of the process contains no details that differentiate his technique from what anyone else might do when faced with a chicken in need of flaying. Hutchison asserts that speed made his process "economical," but he has presented no evidence that the speed he achieved was anything unusual in the industry.
 
 
 13
 Furthermore, there is no evidence that KFC actually used Hutchison's method to deskin its chickens. According to KFC's unrebutted affidavits, when KFC introduced its skinless product in 1991, it deskinned chickens by fitting them with a teflon cone, using an air hose to blow the skin away from the chicken, and pulling the skin off by hand.[5] Therefore, even if the deskinning process were proprietary to Hutchison, summary judgment would be warranted because there is no evidence that KFC misappropriated it.
 
 B. Tumble Marination
 
 14
 Hutchison's process calls for tumble marinating the chicken in a commercially available tumble marinator, which brings out a natural protein gel in the chicken, which in turn coats the chicken with a tacky substance that acts as a substitute skin and helps the breading to adhere to the meat. Hutchison disclosed to KFC that the chicken was tumble marinated with commercially available equipment to create a substitute skin, but Hutchison did not reveal the contents of the marinade.
 
 
 15
 Hutchison has not rebutted KFC's claim that it has been tumble marinating certain product lines (e.g., "Extra Crispy Chicken") since the mid-1970s. For its skinfree chicken product, KFC initially used a tumble marination procedure, but at the end of 1991, KFC switched to an injection marination system.
 
 
 16
 Because tumble marination was already known to and used by KFC and others in the industry, and because tumble marinators were commercially available, the concept cannot be proprietary to Hutchison. Hutchison's specific marinade was not disclosed and therefore could not be misappropriated.
 
 CONCLUSION
 
 17
 Hutchison's process, insofar as it was disclosed to KFC, is not a trade secret entitled to protection under Nevada's law of trade secrets. It contained no element, singly or in combination, that was not generally known or readily ascertainable. The order of summary judgment is AFFIRMED.