67 F.3d 308
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
RESOLUTION TRUST CORPORATION, as Receiver for First Network
Federal Savings Bank, Plaintiff-Appellee,
v.
Wayne H. MILLER; Wayne H. Miller Investment Company, Inc.;
Miller Properties Realty, Inc.; Thomas Stone;
Northern Financial Services,
Defendants-cross-claimants-Appellants.
 No. 94-15042.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 16, 1995.
Decided Sept. 28, 1995.
 
 1
 Before: D.W. NELSON, T.G. NELSON, Circuit Judges and KING.*
 
 
 2
 MEMORANDUM**
 
 
 3
 The Resolution Trust Corporation ("RTC"), as receiver for First Network Savings Bank ("First Network"), sued Miller on a promissory note for $1.2 million. Miller asserted various affirmative defenses arising from an alleged oral joint venture agreement with First Network. He also asserted a counterclaim against the RTC alleging damages in excess of one million dollars resulting from First Network's breach of the oral joint venture agreement.
 
 
 4
 The district court struck Miller's affirmative defenses as legally insufficient and dismissed Miller's counterclaim against the RTC for failure to state a claim on the basis of 12 U.S.C. Sec. 1823(e) and the D'Oench, Duhme doctrine, established in D'Oench, Duhme & Co. v. FDIC, 315 U.S. 447 (1942). Because both parties are familiar with the procedural and factual background of this case, we will not repeat it here. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 I. MILLER'S AFFIRMATIVE DEFENSES
 
 5
 Miller claims affirmative defenses of (1) lack of consideration; (2) misrepresentation; (3) estoppel; (4) unclean hands and illegality; and (5) failure to state a claim. He bases these defenses on an alleged oral joint venture agreement to develop real estate with First Network, which he claims First Network breached.
 
 
 6
 We review the district court's decision to strike Miller's affirmative defenses for an abuse of discretion. Federal Sav. & Loan Ins. Corp. v. Gemini Management, 921 F.2d 241, 244 (9th Cir.1990).
 
 A. Lack of Consideration
 
 7
 Miller claims a defense of lack of consideration, asserting that First Network failed to disburse additional funds promised under the joint venture agreement. However, because the agreement was unwritten, it cannot form the basis for an affirmative defense under 12 U.S.C. Sec. 1823(e), which partially codifies the D'Oench, Duhme doctrine. Under D'Oench, Duhme and its progeny, borrowers cannot assert an unrecorded side agreement with a failed bank as a defense to their liability on a note held by the FDIC or the RTC. See D'Oench, Duhme & Co. v. FDIC, 315 U.S. 447 (1942). The policy underlying this doctrine is to "permit bank examiners to rely on the records of the bank in evaluating the bank's financial condition, by protecting bank authorities from suits founded on undisclosed conditions or deceptive documents." Brookside Assocs. v. Rifkin, 49 F.3d 490, 493 (9th Cir.1995).
 
 
 8
 Although the federal common law D'Oench, Duhme doctrine may have been superceded by 12 U.S.C. Sec. 1823(e), see O'Melveny & Myers v. FDIC, 114 S.Ct. 2048, 2052-53 (1994) (holding that in a suit brought by the FDIC where there is no applicable federal statute, California tort law rather than federal common law governs the imputation of knowledge to corporate victims of alleged negligence), we have held that "12 U.S.C. Sec. 1823(e) was meant to offer as much protection as the common law rule in D'Oench, [Duhme]." Gemini, 921 F.2d at 245 fn. 4.
 
 
 9
 When Miller signed a promissory note as part of an agreement that he knew was unwritten, he lent himself to an arrangement that was likely to deceive bank authorities. Hence, the district court properly struck Miller's affirmative defense of lack of consideration.
 
 B. Misrepresentation
 
 10
 Miller claims that he accepted the $1.2 million line of credit from First Network because of fraudulent oral representations that the bank would provide additional financing for later stages of the development project. Thus, he argues, the promissory note is unenforceable. The Supreme Court has expressly barred this defense. See Langley v. FDIC, 484 U.S. 86, 93 (1987). Thus, the district court's order to strike this affirmative defense was proper.
 
 C. Estoppel
 
 11
 Miller also claims that the RTC is estopped from enforcing the promissory note because he signed the note in reliance upon the representations of First Network that it would provide additional financing. This defense is in essence the equitable counterpart of Miller's legal misrepresentation claim, which is barred by Langley. 484 U.S. at 90-93.
 
 D. Unclean Hands and Illegality
 
 12
 Relying on dictum in Langley that a contract resulting from fraud in the factum would be void and therefore would not fall under 12 U.S.C. Sec. 1823(e), Miller argues that the note sued upon in this case is unenforceable as part of a void contract. See Langley, 484 U.S. at 93. Because this case involves fraud in the inducement rather than fraud in the factum, the Langley dictum does not apply. The district court properly struck this defense.
 
 E. Failure to State a Claim
 
 13
 Miller asserts that the RTC failed to state a claim against him. The RTC states a valid claim for enforcement of a promissory note. See Federal Sav. and Loan Ins. Corp v. Maio, 736 F.Supp. 1039, 1042 (N.D.Cal.1989). Thus, the district court was correct in striking this defense.
 
 II. MILLER'S COUNTERCLAIM
 
 14
 Miller argues that the D'Oench, Duhme doctrine and 12 U.S.C. Sec. 1823(e) do not bar his counterclaim on two alternative grounds: (1) the RTC was on notice of the oral joint venture agreement; and (2) the agreement was not an "ordinary banking transaction." Because neither argument has merit, the district court's dismissal of Miller's counterclaim was proper.
 
 
 15
 We review de novo the district court's dismissal of Miller's counterclaim pursuant to Fed.R.Civ.P. 12(b)(6). Oscar v. University Students Co-op. Ass'n, 965 F.2d 783, 785 (9th Cir.1992) (en banc), cert. denied, 113 S.Ct. 655 (1992).
 
 A. Notice Requirement
 
 16
 Miller argues that the D'Oench, Duhme doctrine and 12 U.S.C. Sec. 1823(e) do not preclude a claim asserting liability against the RTC so long as the RTC has constructive notice of the agreement, even though the agreement is not in writing. Miller misstates the law. Courts strictly apply the requirement that agreements asserted against the interests of the FDIC and RTC be in writing and require a "clear and explicit written obligation." Federal Sav. & Loan Ins. Corp. v. Gemini Management, 921 F.2d at 245. Because Miller did not meet this requirement, the district court properly rejected this argument.
 
 B. Ordinary Banking Transaction
 
 17
 Miller argues that his claim falls under an exception to D'Oench, Duhme and 12 U.S.C. Sec. 1823(e) that excludes transactions that are not "ordinary banking transactions." See Alexandria Assocs. Ltd. v. Mitchell Co., 2 F.3d 598, 602-03 (5th Cir.1993). Miller's reliance on Alexandria is misplaced. Alexandria involved a real estate sales transaction with a failed bank's third generation, non-banking subsidiary. Id. In contrast, this case involves a series of loans by a bank, which is a typical banking transaction. Hence, Alexandria does not govern this case.
 
 
 18
 III. ISSUES RAISED FOR THE FIRST TIME ON APPEAL
 
 
 19
 Miller raises several issues on appeal that he did not plead in the district court, most of which are challenges to the constitutionality of 12 U.S.C. Sec. 1823(e) and the D'Oench, Duhme doctrine. This court considers these issues waived and declines to consider them for the first time on appeal. Self Directed Placement Corp. v. Control Data Corp., 908 F.2d 462, 466 (9th Cir.1990).
 
 IV. ATTORNEY'S FEES
 
 20
 The RTC seeks attorney's fees for the costs of this appeal pursuant to California Civil Code Sec. 1717, which entitles a prevailing party in an action on a contract to attorney's fees when the contract contains an attorney's fees provision. We have held that this state law provision applies to the RTC even though courts generally apply federal law in adjudicating cases involving the RTC. See RTC v. Midwest Federal Savings Bank, 36 F.3d 785, 800 (9th Cir.1993). Because the promissory note explicitly provides for the payment of attorney's fees and the RTC is the prevailing party, the RTC is entitled to reasonable attorneys fees for this appeal pursuant to California Civil Code Sec. 1717. Counsel for the RTC shall file with the clerk of this court within fourteen (14) days affidavits and other records showing fees earned in this appeal. Miller shall have seven (7) days to respond. An appropriate award shall be made by separate order.
 
 
 21
 AFFIRMED.