97 F.3d 1460
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Margarita OLOPAI-TAITANO, Plaintiff-Appellee, Cross-Appellant,
v.
Robert A. GUERRERO, personally and in his capacity as Acting
Director and Deputy Director of the CNMI Department of
Community and Cultural Affairs; Eleanor S. Cruz, personally
and in her capacity as Director of the CNMI Department of
Community and Cultural Affairs; Thomas Tetuteb, in his
capacity as Secretary of the CNMI Department of Community
and Cultural Affairs; and the Commonwealth of the Northern
Mariana Islands, Defendants-Appellants, Cross-Appellees.
 No. 94-17150, 95-15220.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 6, 1996.
Decided Aug. 30, 1996.
 
 Before: FLETCHER, D.W. NELSON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I.
 
 2
 Margarita Olopai-Taitano filed this action against the Commonwealth of the Northern Mariana Islands (CNMI)[1], Robert Guerrero, and Eleanor Cruz (collectively "Defendants"),[2] alleging that her discharge from her position as Administrator of the Division of Youth Services (DYS) at the Department of Community and Cultural Affairs (DCCA) breached her employment contract and violated 42 U.S.C. §§ 1981, 1983, and 1985(3). The jury found that Olopai-Taitano had been denied due process, but returned verdicts in favor of Defendants on her other claims.
 
 
 3
 Defendants appeal, among other things, the district court's denial of their motion in limine to prevent Olopai-Taitano from arguing that she was a civil service employee entitled to due process protections. Olopai-Taitano appeals the district court's denial of her motion to amend the judgment to include damages. She also appeals the jury's verdicts against her on the §§ 1981, 1983, and 1985 claims.
 
 
 4
 We have jurisdiction pursuant to 28 U.S.C. § 1291.[3] We conclude that the district court abused its discretion in denying Defendants' motion in limine, and erred in submitting the issue of notice and hearing to the jury. We also conclude that substantial evidence supports the jury's other verdicts in favor of Defendants. The resolution of these issues disposes of most of the parties' other claims on appeal.
 
 II.
 
 5
 We do not repeat all of the facts relevant to the parties' claims because the parties are familiar with them. We review for an abuse of discretion the district court's denial of Defendants' motion in limine. United States v. Wallace, 848 F.2d 1464, 1472 (9th Cir.1988). We conclude that the district court abused its discretion in denying the motion.
 
 
 6
 Defendants argue that the district court should have granted their motion in limine because Olopai-Taitano's Second Amended Complaint did not notify them of her due process claim. We consider whether Olopai-Taitano's complaint " 'set forth enough details so as to provide [Defendants] and the court with a fair idea of the basis of the complaint and the legal grounds claimed for recovery.' " In re Acequia, Inc., 34 F.3d 800, 814 (9th Cir.1994) (quoting Self Directed Placement Corp. v. Control Data Corp., 908 F.2d 462, 466 (9th Cir.1990)). "[Olopai-Taitano] need not [have pleaded] specific legal theories in the complaint, so long as [Defendants] receive[d] notice as to what [was] at issue in the case." American Timber & Trading Co. v. First Nat'l Bank of Oregon, 690 F.2d 781, 786 (9th Cir.1982).
 
 
 7
 The trial court's order denying Defendants' motion states that "[t]he original complaint and each subsequent amended complaint all allege that [Olopai-Taitano] had a property interest in her position and that she was entitled to due process protection of that property interest." Contrary to the district court's characterization, however, Olopai-Taitano's Complaint contains no reference to a property interest in her employment, and does not allege any deprivation of due process. The Complaint does not allege that Olopai-Taitano is a civil service employee, but instead alleges that her "employment was pursuant to an employment contract." Although Olopai-Taitano's Second Claim For Relief states a general claim under the Fourteenth Amendment, it is clear that the Fourteenth Amendment claim is linked to her other discrimination and First Amendment claims.
 
 
 8
 Because Olopai-Taitano's Complaint did not allege that she was a civil service employee, did not refer to a property interest in her employment, and did not allege a deprivation of due process, we conclude that the Complaint failed to provide Defendants with adequate notice of the legal grounds upon which Olopai-Taitano's claim rested. See Acequia, Inc., 34 F.3d at 814. Olopai-Taitano's pleadings did not give Defendants any hint that she was alleging a due process violation arising from her status as a civil service employee.
 
 
 9
 Defendants first became aware of Olopai-Taitano's claim to civil service status through her Pre-Trial Memorandum, filed approximately two weeks before trial. The district court did not rule on Defendants' motion in limine until the morning of the trial, on October 4, 1994. The court's denial of the motion in limine on the morning of trial did not afford Defendants sufficient time to prepare a defense against the due process claim; Defendants' claim of unfair surprise is entirely reasonable.
 
 
 10
 We conclude that the district court abused its discretion by refusing to grant Defendants' motion in limine; the district court improperly submitted to the jury the question whether Olopai-Taitano received adequate notice and hearing before her termination. We therefore vacate the jury's verdict in favor of Olopai-Taitano on the due process claim. Because we vacate this verdict, we need not address the district court's denial of Olopai-Taitano's motion to amend the judgment.
 
 III.
 
 11
 Olopai-Taitano challenges the jury's verdicts in favor of Defendants on her First Amendment and conspiracy claims. We conclude that substantial evidence supports the jury's verdicts on these claims. See Murray v. Laborors Union Local No. 324, 55 F.3d 1445, 1452 (9th Cir.1995), cert. denied, 116 S.Ct. 1847 (1996).
 
 
 12
 Substantial evidence supports the jury's finding that Olopai-Taitano's political associations and activities were not a motivating factor in her termination. Substantial evidence also supports the jury's conspiracy verdicts; the jury reasonably could have concluded that Guerrero and Cruz agreed to take actions to terminate Olopai-Taitano, but that the DYS staff members' grievance was the factor that caused the termination.
 
 IV.
 
 13
 Defendants challenge as excessive the district court's attorney fee award for Olopai-Taitano's due process claim. We do not have jurisdiction to review the amount of attorney's fees awarded in the district court's November 22, 1994 order because Defendants failed to appeal that order. We may review the district court's determination that Olopai-Taitano is entitled to a fee award, however, because Defendants designated in their Notice of Appeal the district court's October 13, 1995 order. Because we vacate the verdict in favor of Olopai-Taitano on the due process claim, we reverse the district court's determination that Olopai-Taitano is entitled to attorney's fees attributable to that claim.
 
 V.
 
 14
 Our holdings leave Olopai-Taitano with no remaining claim to the relief of reinstatement. Accordingly, we also vacate the district court's order reinstating Olopai-Taitano to her position as Administrator of DYS.
 
 VI.
 
 15
 We reverse the district court's denial of Defendants' motion in limine and its decision to award Olopai-Taitano attorney's fees attributable to her due process claim. We vacate the jury's verdict in favor of Olopai-Taitano and the district court's order reinstating Olopai-Taitano to her position. We affirm the jury's verdicts in favor of Defendants on Olopai-Taitano's First Amendment and conspiracy claims. Defendants are entitled to their costs on appeal.
 
 
 16
 AFFIRMED IN PART, REVERSED IN PART, VACATED IN PART.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Because we vacate the jury's only verdict against Defendants, we need not review the district court's refusal to dismiss CNMI as a defendant. The parties agree that CNMI is not a "person" subject to suit under § 1983, see DeNieva v. Reyes, 966 F.2d 480, 483 (9th Cir.1992); we do not decide whether CNMI is subject to a direct action under U.S. Const. amend. XIV, § 1
 
 
 [2]
 Thomas Tubuteb, who took Olopai-Taitano's position after her termination, also was a named defendant
 
 
 [3]
 Olopai-Taitano argues that we do not have jurisdiction over Defendants' appeal because Defendants prematurely filed their Notice of Appeal. She contends that the Notice cannot be considered timely filed pursuant to F.R.A.P. 4(a)(2) because the district court had not yet decided the issue of attorney's fees when Defendants filed their Notice. See In re Jack Raley Constr., Inc., 17 F.3d 291, 294 (9th Cir.1994) (premature notice of appeal not valid under F.R.A.P. 4(a)(2) if, when it was filed, the district court had not yet decided all of the issues eventually incorporated into its final judgment). Even assuming that Defendants filed their Notice of Appeal prior to the entry of judgment, we may treat the Notice as timely under F.R.A.P. 4(a)(2) because "a claim for attorney's fees is not part of the merits of the action to which the fees pertain ... [and] an unresolved issue of attorney's fees ... does not prevent judgment on the merits from being final." Intel Corp. v. Terabyte Int'l, Inc., 6 F.3d 614, 617 (9th Cir.1993) (internal quotations and citations omitted). We therefore have jurisdiction to review the orders designated in defendant's Notice of Appeal