**Richard Anthony TUCKER, Plaintiff—Appellant,**

v.

**CITY OF LOS ANGELES, Defendant—Appellee.**

No. 04–55300.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 15, 2005.

Decided Jan. 17, 2006.

Before: BRIGHT,\* B. FLETCHER, and SILVERMAN, Circuit Judges.

## MEMORANDUM \*\*

Richard A. Tucker appeals the district court's orders of January 9, 2004 and January 13, 2004, which granted summary judgment to the City of Los Angeles and Officer D.J. Moeller. On Tucker's motion, this court dismissed the appeal as to Officer Moeller. Tucker asks this court to remand for the district court to determine whether the City of Los Angeles enacted an unconstitutional ordinance that led to his arrest. We affirm. The district court decided this theory of liability adversely to Tucker on November 20, 1998, ruling: "CITY OF LOS ANGELES is awarded summary judgment as to all plaintiff's claims and theories of this case." This decision became final when a panel of this court affirmed on all federal claims in a memorandum disposition filed March 31, 2003. The unconstitutionality of the ordinance cannot be relitigated. We review the proceedings below.

## I

Responding to a burglar alarm, at 11:00 p.m. on March 22, 1995, Officer Moeller observed Tucker running away from the location of the alarm with a bundle under his left arm and a knife with a blade in excess of three inches attached to his belt. Officer Moeller arrested Tucker under Section 55.10 of the Los Angeles Municipal Code ((a) " '[K]nife' or 'dagger' shall include any knife, dirk or dagger having a blade 3 inches or more in length .... (b) No person shall wear or carry in plain view any knife or dagger upon any public street...."). Upon searching Tucker incident to arrest, Officer Moeller discovered balloons of cocaine and heroin.

On June 14, 1995, the district court concluded that Officer Moeller did not observe the knife in plain view, suppressed the evidence, and dismissed the charges. After refiling of the charges, the district court reached a contrary ruling and denied Tucker's motion to suppress on November 7, 1995. Tucker was released from custody a second time when the prosecuting attorney learned that the only remedy from the adverse suppression ruling was to appeal, which then would have been untimely.

Tucker filed a civil rights action under 42 U.S.C. § 1983 and California law based on his arrest and incarceration. In his July 18, 1997 First Amended Complaint, Tucker did not allege that Section 55.10 violates the Constitution of the United States or California.

On September 22, 1997, the district court dismissed Tucker's state law claims as untimely because California law required Tucker to present a written claim to the public entity "not later than six months after accrual of the cause of action." Thereafter, through his Section 1983 claim, Tucker argued that the City is directly liable to him for enacting Section 55.10 in violation of the Equal Protection

---

\* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

and Due Process clauses of the United States and California Constitutions and Article XI, Section 7 of the California Constitution. The City argued that the complaint did not challenge the validity of Section 55.10 and, alternatively, the district court should abstain to allow the California courts the opportunity to decide the state law questions. Tucker replied that he put the City on notice and challenged Section 55.10's validity in answer to an interrogatory.

On October 19, 1998, the district court issued a tentative ruling on the parties' summary judgment motions. The court reasoned that Section 55.10 is not invalidated by California Constitution Article XI, Section 7 because "California Penal Code § 12020 Does Not Preempt the Field of Knife–Like Weapons."[1] The court was inclined to abstain from deciding Tucker's other constitutional challenges to Section 55.10. Contrary to its tentative ruling, on November 20, 1998, the district court entered its order that "CITY OF LOS ANGELES is awarded summary judgment as to all plaintiff's claims and theories of this case."

Tucker appealed to this court following a jury's special verdict that Tucker was, at the time of his 1995 arrest, wearing in plain view a knife having a blade three inches or more in length. In his August 19, 2002 appellant's brief, Tucker addressed the merits of his constitutional challenges to Section 55.10 along with his other appellate issues. In a memorandum disposition filed March 31, 2003, this court remanded to the district court because it had improperly dismissed Tucker's state law claims as untimely by not tolling the

limitations period for the time that Tucker was incarcerated. This court foreclosed further review of Tucker's constitutional challenges to Section 55.10 by concluding "we affirm the judgment of the district court on the federal claims. . . ."[2]

Upon remand, Tucker asked the district court to determine the constitutionality of Section 55.10. On January 9, 2004, the district court granted the City's motion for summary judgment, reasoning "The law of the case doctrine prevents plaintiff from relitigating the issue of probable cause for his arrest . . . . [and] for all the derivative state law claims. Plaintiff's [California] Civil Code section 52.1 claim is duplicative of his federal claim. Because plaintiff failed to prove his federal constitutional claim, plaintiff cannot prove a Civil Code section 52.1 claim." (internal case citations omitted). On January 13, 2004, the district court amended its order to include Officer Moeller. On February 10, 2004, Tucker filed a notice of appeal to this court.

II

In his July 18, 1997 First Amended Complaint, Tucker did not plead his theory that the City is liable because Section 55.10 is unconstitutional. "[A] plaintiff must at least set forth enough details so as to provide defendant and the court with a fair idea of the basis of the complaint and the legal grounds claimed for recovery." *Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 466 (9th Cir. 1990). The complaint did not reference Section 55.10 or allege that the ordinance violates the Equal Protection and Due

1. Article XI, Section 7 provides: "A county or city may make and enforce within its limits all local, police, sanitary, and other ordinances and regulations not in conflict with general laws." Section 12020 prohibits carrying a concealed dirk or dagger.

2. This was the second appeal to this court. On August 24, 1999, in an interlocutory appeal, this court affirmed that genuine issues of fact precluded summary judgment for Officer Moeller who argued qualified immunity.

Process clauses of the United States and California Constitutions or Article XI, Section 7 of the California Constitution.

The district court in effect permitted Tucker to amend his Section 1983 claim to include these arguments by proceeding to address the merits in its October 19, 1998 tentative ruling and November 20, 1998 order rather than accepting the City's argument of untimely pleading. But because Tucker's state law claims had been dismissed before he raised these arguments, Tucker could not litigate his unconstitutional ordinance theory under the state law claims when they were resurrected by this court's March 31, 2003 disposition. Relief under California Civil Code § 52.1(b) would be available only if Tucker could identify a substantive constitutional violation based on the absence of probable cause. However, the district court found no such violation with respect to Tucker's § 1983 claim, a conclusion that applied *a fortiori* to the § 52.1(b) claim.

If the district court had not ruled upon Tucker's constitutional challenges to Section 55.10 when presented as part of his Section 1983 claim, then he would be entitled to remand on that basis.[3] However, we believe that after receiving argument and issuing its tentative ruling, the district court decided this theory adverse to Tucker in its order of November 20, 1998, stating "CITY OF LOS ANGELES is awarded summary judgment as to all plaintiff's claims and theories of this case."

AFFIRMED.

---

**3.** The City argued in this appeal that immunity attaches if Tucker presents his unconstitutional ordinance theory through his state law claims but conceded that its immunity argument does not apply under Section 1983.

