**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AL DAVIS PETROVICH, | No.    16-15396 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-00033-EMC |
| v. | |
| OCWEN LOAN SERVICING, LLC; WESTERN PROGRESSIVE, LLC, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted November 15, 2017
San Francisco, California

Before:  RAWLINSON and BYBEE, Circuit Judges, and SMITH,[**] Chief District Judge.

Al Petrovich appeals the district court's dismissal of his wrongful-

foreclosure action against Western Progressive, LLC and Ocwen

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The Honorable William E. Smith, Chief United States District Judge for the District of Rhode Island, sitting by designation.

Loan Servicing, LLC, respectively the trustee and servicer for the deed of trust encumbering Petrovich's home. We have jurisdiction under 28 U.S.C. § 1291, and "[w]e review the district court's grant of a motion to dismiss *de novo*." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). We affirm.

**1.** California law bars Petrovich's wrongful-foreclosure claim because he filed suit *before* appellees' nonjudicial foreclosure of his home.[1] *Kan v. Guild Mortg. Co.*, 178 Cal. Rptr. 3d 745, 748 (Cal. Ct. App. 2014) ("California courts have refused to delay the nonjudicial foreclosure process by allowing trustor-debtors to pursue preemptive judicial actions to challenge the right, power, and authority of a foreclosing 'beneficiary' or beneficiary's 'agent' to initiate and pursue foreclosure."). We take no position as to whether California recognizes a carve out to this bar for complaints that "identif[y] a *specific factual basis* for alleging that the foreclosure was not initiated by the correct party." *Gomes v. Countrywide Home Loans, Inc.*, 121 Cal. Rptr. 3d 819, 825 (Cal. Ct. App. 2011). Rather, we

---

[1] Although the California Supreme Court has yet to address this precise issue, *see, e.g.*, *Yvanova v. New Century Mortg. Corp.*, 365 P.3d 845, 855 (Cal. 2016), "[w]e should nevertheless follow a published intermediate state court decision regarding California law unless we are convinced that the California Supreme Court would reject it," *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 219 (9th Cir. 2013).

2

find that, even if this carve out exists, Petrovich's allegations fail as a matter of law or are inadequately pled.

In order for a homeowner to challenge a California nonjudicial foreclosure based on a theory that the deed of trust was ineffectively assigned to the foreclosing party, the assignment must be void rather than merely voidable. *Yvanova v. New Century Mortg. Corp.*, 365 P.3d 845, 861 (Cal. 2016). Petrovich alleges three reasons why the assignment of his deed of trust and the underlying promissory note from Sand Canyon, the original lender, to Deutsche Bank, Western Progressive's predecessor in interest, was void. Each allegation is made in support of his central contention that the subsequent assignment to Western Progressive was also void and that Western Progressive and Ocwen therefore lack authority to foreclose on his home.

Our recent decision in *Turner v. Wells Fargo Bank NA* precludes Petrovich's first allegation that the assignment of his deed of trust to Deutsche Bank after the closing date set by the pooling and servicing agreement rendered that assignment void. 859 F.3d 1145, 1149 (9th Cir. 2017) (holding that such a transfer is "merely rendered . . . voidable, not void"). As to his second allegation, Petrovich has cited no authority supporting his contention that the instrument recording the assignment from Sand Canyon to Deutsche Bank was required to also note any intermediaries

3

in the securitization process. Nor has he argued that this ostensible defect renders the assignment void.

Finally, Petrovich has not plausibly alleged that it is "impossible" that Deutsche Bank ever owned his note and deed of trust because Sand Canyon sold them to an undetermined entity before 2009. This allegation is premised on his assumption that the assignment to Deutsche Bank occurred at or near the time it was *recorded* in 2011. Petrovich therefore fails to account for the fact that recording a security interest does not reveal when the underlying debt was conveyed. *See Fontenot v. Wells Fargo Bank, N.A*., 129 Cal. Rptr. 3d 467, 480 (Cal. Ct. App. 2011) (rejecting a similar argument and recognizing that "assignments of debt, as opposed to assignments of the security interest incident to the debt, are commonly not recorded"), *disapproved of on other grounds by Yvanova*, 365 P.3d at 858–59 n.13.

Because Petrovich does not allege when Sand Canyon conveyed his note to Deutsche Bank, he implicitly asks this court to assume that the conveyance occurred at the time of the 2011 recording—or at least after Sand Canyon sold its residential mortgages—in order to conclude that this assignment was void. Such an assumption is impermissible in ruling on a motion to dismiss. *Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1035 (9th Cir.

4

2005) ("Although we assume the truth of the facts alleged in the complaint, we cannot assume any facts necessary to the Appellants' claim that they have not alleged."). It also demonstrates that Petrovich has failed to allege a "specific factual basis" for why the assignment to Deutsche Bank was void and thus why Western Progressive and Ocwen lack authority to foreclose on his home. The district court therefore properly dismissed this claim.[2]

2. Petrovich's request for declaratory relief is derivative of his contention that Western Progressive and Ocwen lack authority to foreclose on his home and was therefore also properly dismissed.

3. Petrovich further claims that Western Progressive and Ocwen violated the Fair Debt Collection Practices Act ("FDCPA"). Our recent decision in *Ho v. ReconTrust Co., NA* forecloses his assertion that appellees violated 15 U.S.C. § 1692e by attempting to nonjudicially foreclosure on his home. 858 F.3d 568, 572 (9th Cir. 2016) ("[A]ctions taken to facilitate a non-judicial foreclosure, such as sending the notice of default and notice of sale, are not attempts to collect 'debt' as that term is defined by the FDCPA."). While Section 1692f(6) of the FDCPA does

---

[2] Petrovich also raises several allegations and arguments not included in his complaint and not raised before the district court. We decline to address them. *Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 466 (9th Cir. 1990) ("Generally, this Court will not consider arguments that are raised for the first time on appeal.").

"regulate[] nonjudicial foreclosure activity," *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 971 (9th Cir. 2017), Petrovich's complaint does not allege a violation of this specific provision. Moreover, Petrovich's new argument that appellees have "no present right to possession of" his home, which they "claim[] as collateral through" his deed of trust, 15 U.S.C. § 1692f(6)(A), is again premised on his argument that Sand Canyon's assignment of this security interest and the note to Deutsche Bank was ineffective. Thus, even if alleged, his Section 1692f argument similarly fails to state a claim.

4.     Petrovich also brings a slander-of-title claim in regard to the public filings associated with the foreclosure proceedings. "Slander of title occurs when there is an unprivileged publication of a false statement which disparages title to property and causes pecuniary loss." *Stalberg v. W. Title Ins. Co.*, 32 Cal. Rptr. 2d 750, 752 (Cal. Ct. App. 1994). California "deems the statutorily required mailing, publication, and delivery of notices in nonjudicial foreclosure, and the performance of statutory nonjudicial foreclosure procedures, to be privileged communications under the qualified common-interest privilege of" California Civil Code § 47(c)(1). *Kachlon v. Markowitz*, 85 Cal. Rptr. 3d 532, 545 (Cal. Ct. App. 2008). Petrovich's threadbare argument that this privilege is inapplicable due to the purportedly ineffective assignment is without merit.

6

**5.** Petrovich also alleges that Ocwen violated the Real Estate Settlement Procedures Act ("RESPA"), which "requires the servicer of a federally related mortgage loan to provide a timely written response to inquiries from borrowers regarding the servicing of their loans." *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 665 (9th Cir. 2012) (citing 12 U.S.C. § 2605(e)(1)(A), (e)(2)). Of the two judicially-noticed letters that Petrovich sent to Ocwen, only the portion requesting "an itemized and verified payoff statement" is a qualified written response ("QWR") under RESPA. *See id.* at 666 (defining the elements of a QWR, which triggers the servicer's statutory obligation to respond). However, Petrovich fails to allege (1) that Ocwen did not provide the specific information requested and (2) that he suffered any actual damages from a potential non-response. Nor can one potential instance of non-responsiveness constitute a "pattern or practice of noncompliance" warranting statutory damages. *See* 12 U.S.C. § 2605(f). This claim was therefore properly dismissed.

**6.** Finally, Petrovich alleges that appellees "have committed and continue to commit unlawful, unfair and fraudulent acts in direct violation of" California's Unfair Competition Law ("UCL"). "To state a cause of action based on an unlawful business act or practice under the UCL, a plaintiff must allege facts sufficient to show a violation of some underlying law." *Prakashpalan v.*

7

*Engstrom, Lipscomb & Lack*, 167 Cal. Rptr. 3d 832, 856 (Cal. Ct. App. 2014).

Petrovich concedes that his UCL claim is derivative of his other claims. Because all of these claims were properly dismissed, he is unable to establish that appellees violated any law and is thus unable to allege a UCL violation.

Accordingly, the district court is **AFFIRMED**.

FILED

DEC 12 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Petrovich v. Ocwen Loan Servicing*, Case No. 16-15396
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.